PROYOSTY, J.
The offense alleged against the defendants in this case, that of gambling with dice, is alleged to have been committed within the parish of Franklin, “within 100 yards of the boundary line of the parish of Franklin aforesaid.”
The defendants, before trial and before plea, excepted to the jurisdiction of the court, on the ground that the offense had been committed, if at all, in the parish of Madison, outside of the parish of Franklin; and in the trial of the exception it was ad-' mitted that such was the fact.
Section 988 of the Revised Statutes provides that an offense may be tried by the court of a parish on whose boundary line, or within 100 yards of whose boundary line, it was committed. In view of that statute, the court overruled the exception.
The Constitution (article 9) provides that “all trials shall take place in the parish where the offence was committed, unless the venue be changed.”
Defendants contend that the said statute is unconstitutional in so far as it authorizes the trial of an offense to take place in the court of a parish other than that in which it was committed.. This court had occasion to consider that question in the case of State v. Harris, 107 La. 325, 31 South. 782. The point was held in that case to have been waived by going to trial without objection. In the present instance the objection was timely made, and the question is squarely presented. For the reasons assigned by Mr. Justice Blanchard in his dissenting opinion in the Harris Case, published in 31 South. 782, and at page 333 of 107 La., the exception should have been sustained if the offense was committed in the parish of Madison and not in the parish of Franklin.
The judgment is therefore set aside, and the case is remanded to be proceeded with according to law.