(60 South. 1028.)

No. 19,155.

ST. JOHN v. M. A. TALBOT & SON et al.

(Feb. 3, 1913.)

*(Syllabus by the Court.)*

CRIMINAL LAW (§ 111*)—FALSE IMPRISONMENT (§ 10*)—JURISDICTION OF MAGISTRATE—INJURY TO PLAINTIFF.

Where, for the purpose of securing a peace bond, a party is arrested for an offense committed, and about to be committed, in an adjoining parish, but within 100 yards of the line, he is properly released for want of jurisdiction in the magistrate's court, but where, from the evidence, it appears that he was justly accused, and that he could readily have given bond—in fact, that the constable, who served the warrant, offered to become his surety—and voluntarily went to jail in order to make out a claim for damages, such claim will be dismissed.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 229; Dec. Dig. § 111;* False Imprisonment, Cent. Dig. § 74; Dec. Dig. § 10.*]

Appeal from Fourth Judicial District Court, Parish of Union; Robert B. Dawkins, Judge.

Action by Benj. N. St. John against M. A. Talbot & Son and others. From a judgment for defendants, plaintiff appeals. Affirmed.

J. Burrough Crow, of Farmerville, for appellant. Clifton Mathews, of Farmerville, for appellees.

### Statement of the Case.

MONROE, J. Plaintiff has appealed from a judgment rejecting his demand for damages for an alleged false arrest and imprisonment. It appears that plaintiff and defendants M. A. and J. M. Talbot, who are in business under the firm name of M. A. Talbot & Son, reside in Union parish; that they had

some differences, as a result of which the Talbots brought several suits against plaintiff, in one of which they obtained judgment, and seized, sold, and bought his half interest in a tract of land lying near the boundary between Union and Claiborne parishes; that defendants subsequently obtained a judicial partition of said land, and thereafter leased the interest acquired by them to negro tenants, who had had previous relations with plaintiff, and whom plaintiff frightened off or discouraged from continuing on the land as tenants of defendants; that defendants consulted counsel on the subject, and, under their advice, an affidavit was made against plaintiff in order to obtain a peace bond; that plaintiff was arrested at Bernice, in Union parish, and accompanied the constable to Farmerville, where, after hearing, he was ordered to give bond to keep the peace; that he was entirely able to give the bond, the constable, by whom he was arrested, having offered, himself, to sign such a bond, but that plaintiff, in order to get up a claim against defendants, preferred to go to jail, which he did, there remaining for 12 days when he was released on habeas corpus, on the ground that the site of the offense charged to have been committed, and as about to be committed, was in Claiborne parish, though, according to the affidavit, within 100 yards of the Union parish line.

## Opinion.

Plaintiff was properly released on the habeas corpus, as this court has decided that R. S. § 988, which provides that, when an offense has been committed on the boundary between two parishes, or within 100 yards of such boundary, it may be dealt with in either parish, is unconstitutional. State v. Montgomery, 115 La. 155, 38 South. 949. But we have not been able to discover a sufficient basis upon which to predicate a judgment for damages. It is true that there was

a technical error in the matter of plaintiff's arrest. On the other hand, we conclude from the testimony that defendants had just cause of complaint against him. And, finally, the evidence satisfies us that the arrest was not malicious, and that plaintiff voluntarily subjected himself to inconvenience, and refused to give a peace bond, though the constable, who served the warrant, offered to become his surety, and there were others who would have rendered the same service, in order that he might bring this suit.

We find no merit in the claim, and the judgment appealed from is affirmed.