SOMMERVILLE, J.
Defendant was charged with murder, alleged to have been committed in the parish of Tangipahoa. The district judge was recused, and a judge ad hoe sat in his place. Defendant excepted to the jurisdiction of the court on the ground:
“That the killing of Joe Littlejohn, alleged in the indictment, occurred in the parish of St. Helena, and beyond the jurisdiction of this court; that said cause can only be tried in the parish in which the alleged homicide occurred.”
And he asked that the indictment be dismissed.
The minutes of the court show that October 22, 1912, for the reasons orally assigned by the court, the exception to the jurisdiction of the court was referred to the merits of the case. They further show November 7, 1912, that the exception — ■
“was taken up for trial, and after hearing the argument of Judge Robert R. Reid, counsel for the defendant, mover, A. P. Malone, the matter was submitted to the court, and for the reasons orally assigned by the court tlje court overruled the plea to the jurisdiction of the court.”
The record also shows, after the exception to the jurisdiction of the court had been overruled, that it, the exception, was tried with the merits of the cause, and evidence was submitted to the jury as to the location where the alleged crime had been committed. There was judgment against the defendant finding him guilty as charged, without capital punishment. The verdict was accepted by the judge, and it was ordered recorded. Defendant moved for a new trial on the ground, among others:
“That this court erred to the prejudice of defendant, mover, in receiving the testimony of witnesses to show a different western boundary line of the parish of Tangipahoa in a part of township 3 and township 4 S. of range 6 E., from that shown on the official map of Tangipahoa parish. The act relating the said parish is Act No. 85 of 1869, offered and received in evidence.”
In passing upon this motion for a new trial the district judge said:
“All the testimony offered by the state and the defense shows where the offense was committed is beyond the meridian section line one mile west of the meridian line dividing ranges 6 and 7 as the west boundary line in the acts creating the parish, and marked as shown on the official map of the state. And considering that the question is as to what is the west prong of Natalbany creek, and taking in consideration the above facts, the court is satisfied that it is a question of law, and taking the law as laid down in the amended Act No. 143 of 1894 and the official map made in accordance therewith approved by Murphy J. Poster, Governor of the state, the verdict of the jury is set aside, and a new trial granted.”
Whereupon defendant petitioned the court:
“That he be discharged from custody in this cause without day; or, in the alternative, that in view of all the circumstances as above set out and shown that he be enlarged from custody upon bail in a reasonable amount for his appearance to answer the said charge before the court of competent jurisdiction, the said bail bond to be conditioned as the law directs and with good and solvent surety; prays for all necessary orders, for costs, and for general relief.”
The same day that the petition was filed the court discharged the “defendant from custody in this cause, without day.” And the state has appealed.
The reason given by the trial judge for thus summarily dismissing defendant from custody is set forth in the record as follows:
“That it developing on the trial that the killing really happened in the parish of St. Helena, and not in the parish of Tangipahoa and it being purely a question of law, which the court was called to pass upon, and on that ground as shown by the reason filed in the record by the court for granting a new trial in this cause, and nothing being offered to show that the state made any effort to have defendant indicted in the parish of St. Helena, in this state, and for the fact that it is purely a question of law, and nothing can be gained by another trial in this parish, and the *59 state having had plenty of time, and a session of the grand jury in the parish of St. Helena since the new trial has been granted in this cause. And, the court seeing no good purpose in holding the defendant longer, there will be judgment discharging defendant from custody in this cause without day.”
The record, shows that the exception to the jurisdiction of the court had been referred to the merits to be tried, and also that it had been overruled by the judge. There had not been a ruling of the trial court sustaining said exception. The court was clearly without authority to pass upon this or any other plea filed in the cause without having had the same set down regularly for trial. And it could not disregard its former ruling, the verdict of guilty by the jury, and discharge the accused until after a regular proceeding taken contradictorily, with the state had been heard and disposed of. The judge cannot rule “that nothing could be gained by another trial in this parish,” and discharge a prisoner from custody on his or the prisoner’s simple suggestion.
In the case of State v. Burton, 106 La. 732, 31 South. 291, we. said, with reference to the question of boundary:
“The description of a boundary may be a matter of construction for the court, and therefore a question of law; but the ascertainment of it with a view to its location is a question of fact.”
[2] The fixing of the location of where the crime was committed in this case had been submitted to the judge, and it was overruled by him, and then again submitted to the jury; and the latter found as a matter of fact, or perhaps under the instructions of the court as a matter of law, that the crime was committed in the parish of Tangipahoa, and that defendant was guilty. The Constitution (article 179) says:
“The jury in all criminal cases shall be the judges of the law and the facts on the question of guilt or innocence, having been charged as to the law applicable to the, case by the presiding judge.”
[3] But it is not said in the Burton Case that the judge may take questions of law from the jury, and dispose of them without a regular trial. He may instruct the jury as to the law applicable to the ease. It is true that the court in its discretion has ordered a new trial. After granting a new trial, the court is incompetent to order the discharge of the accused, without another hearing, or on motion of the district attorney.
If the question of the jurisdiction of the court is to be reopened, it must be done regularly, and the exception be regularly set for trial, and the state authorities notified thereof; or, if the ruling on the exception is not to be set aside, then the ease should be fixed for trial, and the whole matter, including the allegation contained in the indictment that the crime was committed in Tangipahoa parish, should be submitted regularly to the jury for determination.
It is therefore ordered, adjudged, and decreed that the order entered by the judge in this case, March 24, 1913, as follows; “There will be judgment discharging defendant from custody in this cause without day” — is annulled, avoided and reversed; and the case is remanded to be proceeded with in accordance with law.