**(90 South. 210)**

**No. 24734.**

**STATE v. McCRADIT et al.**

(Oct. 31, 1921. Rehearing Denied Dec. 7, 1921.)

*(Syllabus by Editorial Staff.)*

Criminal law ⬤⟷763, 764(6)—Instruction that venue had been proven held error.

In a prosecution for robbery where the evidence showed that defendants and the prosecuting witness left Ludington, passed through De Ridder, and robbed the prosecuting witness at Bon Ami, it was error for the judge in his charge to tell the jury that the places mentioned were in the parish of Beauregard and state of Louisiana, such statement being a comment upon a material fact in the case amounting to an instruction that venue had been proven, and was in violation of Const. 1913, art. 179, Const. 1921, art. 19, § 9, and Rev. St. §'991.

Provosty, J., dissenting.

Appeal from Fifteenth Judicial District Court, Parish of Beauregard; Thos. F. Porter, Jr., Judge.

James McCradit and Joe Gainer were convicted of robbery, and they appeal. Conviction set aside, and cause remanded, with instructions.

Kay & Plauche, of De Ridder, for appellants.

A. V. Coco, Atty. Gen., and Griffin T. Hawkins, Jr., Dist. Atty., and Mark C. Pickrel, Asst. Dist. Atty., both of Lake Charles (T. S. Walmsley, of New Orleans, of counsel), for the State.

DAWKINS, J. Defendants were charged and convicted of the crime of robbery. They reserved two bills of exception, the first to the charge of the trial judge with regard to the venue, and the second reserved to the overruling of the motion for a new trial, in which it was alleged that there had been no proof of the venue, and that the court had erred in its charge with respect thereto.

**Bill No. 1.**

In his per curiam to the first bill the trial judge says:

"The evidence in this case showed that the defendants left with the prosecuting witness, from Ludington, passed through De Ridder, and actually robbed the prosecuting witness at Bon Ami. No evidence was offered to show that any of those towns is in the parish of Beauregard or in the state of Louisiana.

"I charged the jury that they could not convict unless it be shown by the state beyond a reasonable doubt that the crime was committed in the parish of Beauregard, state of Louisiana, and I added that the three places mentioned were in Beauregard parish, state of Louisiana. Defendants objected to the charge on the ground it was an unlawful comment by the court on the facts."

It is thus shown that, inasmuch as the court was of the view that he and the jury could take judicial cognizance of the fact that the towns of Ludington, De Ridder, and Bon Ami were in the parish of Beauregard, he could tell them that this was a fact, which he did. This, however, loses sight of the provisions of the Constitution and the Revised Statutes, which prohibit the judge from commenting on the facts. Const. 1913, art. 179; Const. 1921, art. 19, § 9; R. S. § 991. Section 991, R. S., reads as follows:

"In charging the jury in criminal cases, the judge must limit himself to his knowledge of the law applicable to the case. In doing so, he shall abstain from stating or recapitulating the evidence so as to influence the decision on the facts. He shall not state or repeat to the jury the testimony of any witness; nor shall he give any opinion as to what facts have been proved."

When he stated those municipalities were in the parish of Beauregard, the judge commented upon a material fact in the case, and the effect was to direct them to find that they were in the parish, which clearly violates the law referred to.

What the judge should have done was to charge the jury that they had the right to take judicial cognizance of the incorporated towns and villages in the parish, and if they found that, availing themselves of this right, the crime charged had been shown beyond a reasonable doubt to have been committed at any place within the parish by the accused, it was their duty to convict.

We take it that the judge has no right to tell the jury that one material fact has been proven, any more than another; and to tell them that a given place, in which the proof showed the offense was committed, was in the parish, was the same as telling them that it had been committed within the jurisdiction over which their power and that of the court extended.

The same question is presented in the second bill.

For the reasons assigned the conviction is set aside, and this cause is remanded, to be proceeded with according to law and the views herein expressed.

PROVOSTY, J., dissents, holding charge correct.

O'NIELL, J. (concurring in result). The question of venue, of course, is a question of fact, but it does not relate to the guilt or innocence of the party accused. The Constitution provides that a criminal prosecution shall not be had in any other parish than that in which the crime was committed, unless the venue be changed, etc. Constitutions of 1898 and of 1913, art. 9, and Constitution of 1921, art. 1, § 9. If a person indicted for crime files a preliminary plea to the juris-diction, the question ought to be heard and decided by the judge alone. State v. Montgomery, 115 La. 155, 38 South. 949; State v. Malone, 133 La. 56, 62 South. 350; State v. Moore, 140 La. 281, 72 South. 965.

It is now generally conceded that the question of venue or jurisdiction, in a criminal prosecution, may be disposed of by the verdict of the jury, under the general issue, if the defendant has seen fit to waive his right to file a preliminary plea to the jurisdiction of the court. When the question of venue is thus left to the jury, it is for the jury alone to decide. For that reason, I concur in the decree, holding that the judge should not have taken the question away from the jury by telling the jury that the three towns through which had passed the train on which the crime is supposed to have been committed were in the parish of Beauregard. The judge had the right to instruct the jurors that, if they knew whether the towns of De Ridder, Ludington and Bon Ami were in the parish of Beauregard, regardless of any evidence having been introduced on the subject, the jurors had the right to use their knowledge of the fact as evidence in the case. That would have been stating a legal proposition. But the judge should not have substituted his own knowledge for the knowledge of the jurors on the subject.

Facts that are or ought to be generally known, such as historical facts, or geographical locations, are not, in a strict sense, matters of which the courts take judicial cognizance. A judge's judicial knowledge is confined to matters of law. But a jury has the same right that a judge has to take notice of facts that are generally known, or that every person of ordinary intelligence is supposed to know. Of course, for a juror to observe a fact that is so commonly known that it need not be proven in the trial of a lawsuit, the juror himself must have knowledge of the fact; and he must know it be-

cause of its being a matter of common knowledge. The idea of the judge's instructing the jury upon a fact which he deems to be a matter of common knowledge implies that it is not a matter of such common knowledge.

An interesting decision on this subject was rendered by the Supreme Court of Tennessee, in Cash v. State, 10 Humph. 111. During the prosecution, for the crime of larceny, after the hearing of evidence and while the case was being argued, the judge suggested to the Attorney General that he might introduce evidence in relation to the venue. It appears that a statute had been enacted, changing one of the boundary lines of the county so as to put the locality where the crime was committed into an adjoining county. There was a provision in the Constitution of Tennessee forbidding the changing of a county line in such way as to bring the line within a distance less than 12 miles from the courthouse in any old county. The Supreme Court of Tennessee had decided in a previous case (Gotcher v. Burrows, 9 Humph. 585) that the statute in question was unconstitutional in so far as it had undertaken to bring the boundary line of an old county within the prescribed distance of 12 miles from the courthouse. The Attorney General, therefore, offered testimony to prove that the boundary line described in the statute, which would put the venue of the crime in the adjoining county, was less than 12 miles from the courthouse in which the prosecution was going on. The judge instructed the jury that, if, from the evidence the jurors should conclude that the new boundary line of the county was less than 12 miles from the courthouse, they should disregard the statute purporting to place that part of the county into the adjoining county. The Supreme Court held that the instruction was correct, because the judge's knowledge that the statute had been decreed unconstitutional, to the extent mentioned, was a matter of which the judge had to take judicial cognizance; and, being a proposition of law, as distinguished from a fact of common knowledge, it was a legitimate subject of instruction by the judge to the jury. From the reasoning and logic of the opinion, it appears that it would have been declared an error if the judge had instructed the jury that the line described in the statute was less than 12 miles from the courthouse, or if he had said that, for that reason, the statute was unconstitutional.

The jurors, in this case, being residents of the parish of Beauregard, may have been as well aware of the location of Ludington and Bon Ami, as of the town of De Ridder, which is the parish seat. For that reason the judge's instruction, which, in effect, was that the venue had been proven, may have been harmless. But we are dealing with a legal principle of universal application. Therefore, however technical the court's ruling in this case may seem, I concur in it.