(133 So. 367)

STATE v. SCHEMP.

No. 30987.

March 2, 1931.

J. F. Phillips, of Shreveport, for appellant.

Percy Saint, Atty. Gen., E. R. Schowalter, Asst. Atty. Gen., and James U. Galloway, Dist. Atty., of Shreveport, for the State.

O'NIELL, C. J.

The appellant was convicted of the offense of manufacturing intoxicating liquor. The record contains two bills of exception.

The first bill sets forth a complaint that the case was tried too hastily. The defendant was arrested on a Sunday afternoon, and was released on bond the next day. He was called for arraignment on Tuesday, the second day after the arrest; and his attorney asked for further time in which to examine the bill of information. The judge refused to postpone the arraignment and, on motion of the district attorney, ordered the case fixed for trial for the next Friday. The attorney for the defendant complained that he could not prepare to try the case so soon, and asked that the case be fixed for trial on a later date; which request was also denied. There was no request for a continuance when the case was called for trial. There is no showing that the attorney for the defendant needed further time in which to examine the bill of information, at the time of the arraignment, or that the defendant was deprived of any just advantage in the enjoyment of his constitutional right to a speedy trial. There is therefore no merit in the first bill of exceptions.

The second bill has reference to the overruling of a motion for a new trial. The motion was based upon the averment that it was not proved that the offense charged was committed in the state of Louisiana. It appears in the statement per curiam that the defendant was accused of operating a whisky still on Tar Island, a part of which Island is in Louisiana and a part of which is in Texas; and the testimony convinced the judge beyond a reasonable doubt—the case being tried by the judge and without a jury—that the still was operated on the Louisiana side of the state line. It is well settled that a person accused of crime may insist upon having the question determined by the judge, in advance of the trial of the case upon its merits, as to whether the crime or offense charged was committed within the territorial jurisdiction of the court; but it is also well settled that, when there is no preliminary plea to the jurisdiction, and the question of venue is submitted to the jury, under the plea of not guilty, the question of venue becomes one of the questions of fact which pertain to the question of guilt or innocence, and over which this court has not jurisdiction. State v. Montgomery, 115 La. 155, 38 So. 949; State v. Malone, 133 La. 56, 62 So. 350; State v. Moore,

140 La. 281, 72 So. 965; State v. McCradit, 149 La. 825, 90 So. 210; State v. Hogan, 157 La. 287, 102 So. 403. The rule is applicable also to misdemeanor cases, which are triable by the judge alone. In this case the question whether the manufacturing of the whisky was done on the Louisiana side or on the Texas side of the state line was not merely a question of venue or jurisdiction, but was a question of fact on which depended the guilt or innocence of the defendant, as far as the laws of Louisiana were concerned. This court has not jurisdiction, therefore, to decide whether the evidence was sufficient to prove beyond a reasonable doubt that the offense was committed on the Louisiana side of the state line.

The conviction and sentence are affirmed.