(125 So. 277)

No. 30195.

STATE v. STINSON.

Dec. 2, 1929.

F. A. Middleton, of New Orleans, for appellant.

Percy Saint, Atty. Gen., E. R. Schowalter, Asst. Atty. Gen., and John E. Fleury, Dist. Atty., and E. M. Conzelmann, Asst. Dist. Atty., both of Gretna, for the State.

OVERTON, J. Defendant was informed against by the district attorney for having embezzled $1,836 on March 18, 1928; the amount having been deposited in the Union Trust & Savings Bank by Fred Mittlehausen. Defendant was tried, convicted, and sentenced, and prosecutes from the sentence imposed the present appeal.

The bill of information charges that defendant committed the offense while he was president and cashier of the bank. During the introduction of evidence it appeared that defendant was not the president of the bank, but only the cashier thereof at the time of the alleged commission of the offense. Defendant then moved the court to instruct the jury to return a verdict of not guilty on the ground that he was not the president of the bank at the time of the alleged commission of the offense. When this motion was made, the district attorney immediately moved the court for leave to amend the information by striking from it the words, "president and," leaving the information reading that defendant embezzled the money while he was cashier of the bank. The court refused defendant's motion, and granted the motion to amend, made by the district attorney. The district attorney, however, failed to exercise the leave granted him by actually amending the information so as to erase the words "president and."

The court did not err in granting leave to amend the information. Even a bill of indictment may be amended so as to make the change, here requested. Rev. St. § 1047. All the greater is the reason why such an amendment should be permitted to a bill of information, for the district attorney is always in court and competent to make amendments, with leave of the court, to any extent consistent with public interest. When such permission is granted, this court will not interfere, unless there appears to have been, which is not the case here, a clear abuse of the power. Marr's Crim. Juris. (2d Ed.) vol. 1, p. 508. But the district attorney failed actually to strike from the information the objectionable words. In other jurisdictions there is authority to the effect that the order of court permitting the amendment does not itself work the amendment, but there must be a manual change of the indictment. 31 C. J. p. 826. However, we need not inquire here whether such a rule is applicable in this state. All of the questions stated above may be disposed of by the simple observation that the amendment requested was unnecessary. The law, under which the prosecution was had, makes it an offense, subject to the same penalty, for either the president or the cashier of a bank, chartered under the laws of this state, to embezzle any money belonging to the bank or deposited in it. Rev. St. § 907. Therefore it was immaterial whether the proof showed that defendant was only cashier at the time, or that he was only president then, or that he was president and cashier. It sufficed if the proof showed that he committed the embezzlement while occupying any one of these positions.

It also appears that, during the trial, while the state's witness, W. E. Wood, was on the stand, the district attorney elicited from him on direct examination that the bank in which the alleged embezzlement was committed was closed on Easter Monday, 1928, by him, as state bank examiner; that the closing of the bank was due to bad loans and to a shortage of fifty odd thousand dollars; that one of the

▮▮▮▮▮▮▮▮▮▮

acts that caused the closing of the bank was the embezzlement here charged; that the depositors have been paid 70 per cent. of their claims; and that the stockholders have received nothing. These facts were shown by the district attorney without objection on the part of defendant. When the witness was on cross-examination, the defendant propounded to him questions to ascertain whether the president of the bank, E. M. Stafford, owed the institution, and whether, if the president should pay to the bank the amount of money which he owes it, the depositors would receive the amount of their deposits in full, and, if the bank should collect its outstanding obligations in full, whether the depositors would be paid in full. The questions propounded to elicit this information were objected to by the district attorney on the ground of irrelevancy, and excluded by the court on that ground. The defendant complains of the exclusion of the evidence, sought to be elicited.

▮▮ The evidence brought out in chief, without objection, was irrelevant, as was also the evidence that defendant attempted to bring out on cross-examination. None of it had the slightest tendency to prove whether or not defendant was guilty of embezzlement. Defendant virtually concedes this to be true, but, citing State v. Melton, 37 La. Ann. 77, contends that, "where a subject matter, not perhaps strictly pertinent, has been opened on examination in chief, the other side may pursue it on cross-examination." In that case (and others may be cited to the same effect) the defendant had opened the way, in his examination in chief, to certain conversations, not strictly pertinent, and the court refused to disturb the verdict, because the district attorney, over objection, was permitted to cross-examine the witness on the matter inquired of by the defense. In this case defendant was refused permission to ask certain questions on cross-examination, suggested by the irrelevant examination in chief. However, the questions propounded on cross-examination that were excluded had no tendency to elicit evidence that would destroy, or explain away, in whole or in part, the irrelevant evidence brought out in chief. No one has an absolute right to cross-examine a witness on irrelevant evidence, brought out without objection, by bringing out further irrelevant evidence, although, if the cross-examination be permitted, the opposite party has no right to complain. The only possible exception to this is where the irrelevant evidence admitted without objection is manifestly prejudicial. Here, the irrelevant evidence is not of such character, nor is prejudice shown by the fact that the district attorney, in his argument to the jury, mentioned the irrelevant matter, elicited by him. We find no reversible error in excluding the evidence.

Another ground of complaint, urged by defendant, is one to the entire argument of the state to the jury. This complaint rests upon the ground that the argument was largely an appeal to the passions of the jury, and also upon the ground that the district attorney argued to the jury, without a scintilla of evidence to support him, that the deposit of the amount, charged to have been embezzled, which was made on April 4, 1928, according to the pass book, offered in evidence, without limitation, by the state, was not, in fact, made on that date, but was made on some other day.

▮ We have carefully read the argument excepted to, which is far too lengthy to reproduce here, and fail to find in it an appeal to passion. It is a summary of the evidence introduced, and a statement of the district attorney's deductions from it, and the reasons

therefor. As to the district attorney's attack on the date the deposit bore in the pass book, while all of the evidence does not appear to be before us, yet we take it, from that which is before us, that the district attorney may well have argued the falsity of the date. If there was anything which precluded him from making such an argument it should have been brought here by defendant. The fact that the district attorney offered the pass book in evidence did not preclude him from arguing that the date of the deposit was a false one.

 Aside from the foregoing, the defendant merely excepted to the entire argument of the state at its close. He urged no specific objection to any part of it, and submitted nothing to the court to be ruled on, nor did he ask the court, at the time, for any relief. "A bill of exception which does not show that the trial judge was asked for a ruling and an exception taken to such ruling when made presents nothing for the consideration of an appellate court." State v. Genna, 163 La. 701, 716, 112 So. 655, 660. See, also, State v. Poole, 156 La. 434, 440, 100 So. 613; State v. Glauson, 165 La. 270, 281, 115 So. 484. The remarks of a district attorney may form the basis of an objection, but an objection, resting upon specified grounds, must be made, and the court thereby placed in the position of being called upon to rule. The exception must be taken to the ruling of the court.

██ A motion for a new trial was filed by defendant, but was overruled. It presents nothing further for review, coming within our jurisdiction. The defendant, in his brief, discusses, under the exception taken to the overruling of this motion, the insufficiency of the evidence to convict. We have repeatedly held that we have no jurisdiction to pass upon the sufficiency of the evidence to establish guilt.

The verdict and the sentence appealed from are affirmed.