*141 So. 851*

### STATE v. NORMANDALE.
#### No. 31731.

April 25, 1932.

Edward A. Generelly, of New Orleans, for appellant.

Percy Saint, Atty. Gen., and Eugene Stanley, Dist. Atty., Niels F. Hertz and J. Bernard Cocke, Asst. Dist. Atty., all of New Orleans, for the State.

ODOM, J.

The defendant was prosecuted under a bill of information for having in his possession the dried form of the plant known as cannibas indica or marajuana, in violation of the Act No. 41 of 1924, p. 71. Upon trial and conviction he was fined $1,000, and sentenced to serve six months in jail. From the conviction and sentence he appealed.

Defendant was represented in the trial court by counsel. But counsel made no appearance in this court to argue the case orally nor has he filed a brief.

We find in the record two bills of exception. Bill No. 1 was taken to the ruling of the court in permitting an officer to testify that a cigarette found in defendant's automobile was a "marajuana cigarette." The objection to this testimony was that the officer was not an expert, and therefore not competent to testify that the cigarette was, in fact, made of or contained marajuana, the prohibited plant. The per curiam of the trial judge reads as follows:

"Detective William Vandervoort testified that he has been a police officer eight years, that he has 'come in contact' with marajuana numerous times, and that he is 'able to tell marajuana when he sees it.' Then Detective Vandervoort in answer to the question

by the District Attorney, which was not objected to by the defendant, stated that the article shown him by the District Attorney was marajuana. I examined the drug in question, identified it as marajuana, and permitted the District Attorney to file it in evidence, over defendant's objection.

"I was convinced that Detective Vandervoort was qualified to identify marajuana, and, therefore, even if defendant's objection had been timely made I would have overruled it."

It thus appears that not only did the officer recognize and identify the contents of the cigarette as marajuana, but the judge himself did so.

The court did not err in permitting the officer to express his opinion that the cigarette was made of marajuana. He testified that he had been a police officer for many years, and had "come in contact" with marajuana many times, and knew the leaves of the plant when he saw them. He was therefore what may be termed a skilled witness whose knowledge had been gained by practical experience and observation in his line of work. It is not necessary for a person to have scientific, professional, or technical training in order to enable him to draw inferences or conclusions. He may gain such special knowledge from practical experience and observation in his line of work, as to qualify him to express an opinion concerning the fact at issue before the court.

The average man, or ordinary observer, is qualified to express his opinion or his conclusion relating to a precise matter or fact, if his experience and opportunity for observation have been such as to enable him to reach the conclusion which he proposes to state. Such a person is not an "expert," as that term is used in a technical sense. Nevertheless, he may express an opinion based upon facts which he has learned from everyday experience and observation.

Women, for instance, know when they examine a garment whether it is made of cotton, wool, or silk cloth, and a lumberman knows a cypress plank when he sees it. Such knowledge is gained, not from scientific, technical skill, but from ordinary observation.

The skill required of a witness to qualify him to express an opinion does not necessarily need to be of a scientific nature. Skill and knowledge gained from practical experience suffices.

The officer called as a witness in the instant case to testify whether the cigarette found in defendant's possession was made of marajuana testified that he knew the dried form of that plant when he saw it, and that his knowledge was gained from his long experience as a police officer and from having often seen that substance.

We find no merit in this bill.

Bill No. 2 was taken to the refusal of the trial judge to grant a new trial. The grounds for the motion are not set out in the bill, but, as the testimony taken on the trial is made part of the bill, we assume that it was based on the contention that the testimony was insufficient to support the verdict.

It is too well settled to need citation of authority that this court will not pass on the question whether the evidence adduced in the trial court was sufficient to support the verdict.

The judgment is affirmed.