ROGERS, Justice.
 

 The defendants Bean Johnson and Nettie Johnson have appealed from their conviction and sentence on an information which, as originally drawn, charged them with feloniously taking, carrying, and transporting through the parish of Washington NB-and T-W-, aged 14 years, to a house of prostitution for immoral purposes and for unlawful sexual intercourse.
 

 When the case was called for trial, defendants filed a motion to quash the information, alleging it failed to show that the transportation of the girls named therein was against their wills, and, further, that the information “does not define any crime known under the laws of the State of Louisiana.”
 

 The district attorney then moved to amend the information so as to charge the transportation of the girls was against their wills and that they were carried and transported through the parish and state for the purpose of prostitution. The defendants’ attorney objected, but the objection was overruled and the amendment allowed. . The district attorney, with leave of court first obtained, further amended the information by inserting the words “& knowingly” after the word “feloniously.” The defendants’ attorney excepted to the court’s ruling permitting the amendment.
 

 After defendants’ motion to quash was overruled, the jury was impaneled, and the defendants were tried and convicted on the information as amended, which charged them with feloniously and knowingly taking, carrying, and transporting the girls named therein to a house of prostitution for the purpose of prostitution and for unlawful sexual intercourse against their wills.
 

 As amended, the information clearly charged a violation of section 7 of Act No. 307
 
 *6
 
 of 1910, on which it was based. The statutory provision reads as follows, viz.:
 

 “Any person who shall knowingly transport or cause
 
 to
 
 be transported, or aid, or assist in obtaining transportation for, by any means of conveyance, through or across this State, any woman or girl for the purpose of prostitution or with the intent and purpose to induce, entice or compel such woman or girl to become a prostitute, shall be deemed guilty of a felony,” etc.
 

 As defendants were prosecuted under section 7 of Act 307 of 1910, it was not necessary for the information to charge that the girls mentioned therein were transported against their wills, as would be the case, as was held in State v. Thibodeaux, 136 La. 935, 67 So. 973, if the prosecution were based on section 1 of Act 307 of 1910. The words “against their wills,” which were added to the information under the permitted amendment, did not add to nor detract from the charge as made, and may be regarded as surplusage. Code Cr. Proc. art. 240; State v. Dudenhefer, 122 La. 288, 47 So. 614.
 

 But it was necessary under the pertinent statutory provision that the information should show the transportation of the girls for the purpose of prostitution was done “knowingly” by the defendants. The amendment of the information to conform to the facts was permissible. Article 253 of the Code of Criminal Procedure provides for such a case, viz.: ■
 

 “No indictment shall be quashed, set aside or dismissed or motion to quash be sustained * * * nor shall any conviction be set aside or reversed on account of any defect in form or substance of the indictment, unless the objection to such indictment, specifically stating the defect claimed, be made prior to the commencement of the trial or at such time thereafter as the court in its discretion permit. The court may at any time before, during or after the trial amend the indictment in respect to any defect, imperfection or omission in form or substance or of any variance with the evidence. If any amendment be made to the substance of the indictment or to cure a variance between the indictment and the proof, the accused shall on his motion be entitled to a discharge of the jury, if a jury-has been impaneled and to a reasonable continuance of the cause unless it shall clearly appear from the whole proceedings, that he has not been misled or prejudiced by the defect or variance in respect to which the amendment is made or that his rights will be fully protected by proceeding with the trial or by a postponement thereof to a later day with the same or another jury,” etc.
 

 In the construction of the codal provision, the word “indictment” is understood to include the words “information” and “presentment” as well as indictment Code Cr. Proc. art. 686; State v. Elanery, 168 La. 364, 122 So. 67.
 

 The fact that the bill of information as originally drawn may not have charged an offense did not prevent its amendment before the commencement of the trial so as to charge one. If defendants required time to meet the charges contained in the bill as amended, their remedy was to ask for a reasonable continuance for that purpose. Defendants not only failed to ask for a continuance, but they also announced themselves ready for
 
 *8
 
 trial. Hence we fail to see how they can' complain of the proceedings, particularly as there is nothing in the record which shows that they were misled or prejudiced by the amendments to the bill or that they lost any substantial rights by proceeding with the trial.
 

 After their conviction, and before their sentence, defendants filed a motion for a new trial, which was overruled. The motion alleges that the verdict of the jury was contrary, to the law and the evidence, and sets out several grounds of alleged error. But the specific grounds of error alleged in the motion involve only questions of fact and not questions of law. It has been held too often to require the citation of authorities that a motion for a new trial in a criminal case which presents only questions of fact is not reviewable by this court.
 

 For the reasons assigned, the convictions and sentences appealed from are affirmed.