BRUNOT, Justice.
 

 This is an appeal by the state from a judgment maintaining a motion to quash the affidavit charging the defendant with the violation of an ordinance of the police jury of Washington parish. The defendant filed, in this court, an original and a supplemental motion to dismiss the appeal. These motions need not be considered, because, in the brief of the defendant, they are virtually abandoned.
 

 The affidavit was filed in the city court of Bogalusa, Washington parish, La., charging the defendant with selling and retailing spirituous and intoxicating liquors in said city, in violation of an ordinance adopted- and promulgated, by the police jury of Washington parish, prohibiting the sale or distribution of intoxicating liquors in said parish, and of a resolution of said police jury declaring Washington parish dry.
 

 The defendant first pleaded to the affidavit, but withdrew the plea, with leave of court, and filed a demurrer and motion to quash the affidavit. In the motion to quash, three grounds for the relief prayed for are alleged. The first was satisfactorily disposed of by an amendment of the title of the case. The second challenges the authority of the police jury to adopt and promulgate an ordinance prohibiting the sale of intoxicating liquors in Washington parish. The third presents a serious question, for it is alleged therein that the ordinance and resolution of the police jury were not legally adopted and promulgated.
 

 Judge Richardson, in a well-written opinion, has assigned sound reasons for maintaining the motion to quash filed in this case, and he has cited the specific provisions of the law which support his conclusion. Prom his opinion, we quote with approval the following: ■
 

 
 *50
 
 “Act No. 1, of the Extra Session of 1933, repealed the Hood Bill, Act No. 39 of 1921, Ex. Sess., and in the case of State v. Carter, 179 La. 156, 153 So. 676, the Supreme Court held that the repeal of the Hood Bill made the State of Louisiana wet as a whole. * * *
 

 “Section 24 of Act No. 15 of 1934, provides, in part, as follows: ‘This Act shall go into effect according to the Constitution, and shall be otherwise at all times operative and in full force and effect throughout the State, except as to such parishes, wards, and municipalities as may hereafter determine, by popular vote as is hereinafter provided for, that the business of the manufacture, production, sale, use, consumption, handling, storage or distribution of any such malt, vinous, spiritous, alcoholic or intoxicating liquor, shall not be conducted in such parishes, wards or municipalities.’ ”
 

 After quoting from section 25 of the act, the Judge directs attention to an apparent conflict between that section and sections 4 and 24 of the act, and says:
 

 “However, upon careful analysis of all of the provisions of the Act, and construing the provisions of sections 4, 24 and 25 of the Act together, in the light of the title of the Act, this court is of the opinion that there is no conflict. * * * If there is any provision in section 25 of the Act which should be construed as permitting a parish or municipality to absolutely prohibit the sale of intoxicating liquor within its limits without submitting the matter to an election, that provision would be broader than the title of the Act, as amended, and it could not be maintained.”
 

 In this casé the defendant is charged with violating an ordinance prohibiting the sale, etc., of intoxicating liquor, in Washington parish, which was adopted and promulgated by the police jury of that parish, without having first submitted the matter to the electorate of the parish, in an election, called by it, for that purpose.
 

 It is clear that the police jury, under the provisions of law quoted supra, must obtain its authority to prohibit the sale of intoxicating liquor within the territorial limits of the parish, from the electors thereof, and, in the absence of such authority, any prohibitory ordinance adopted by it is null and void.
 

 For the foregoing reasons, the judgment appealed from is affirmed.