164 So. 241

**STATE v. BROWN.**

No. 33429.

Nov. 4, 1935.

Pegues & Pegues, of Mansfield, for appellant.

Gaston L. Porterie, Atty. Gen., James O'Connor, Asst. Atty. Gen., A. B. Cavanaugh, Dist. Atty., of Leesville, and Lessley P. Gardiner, Sp. Asst. Atty. Gen., for the State.

BRUNOT, Justice.

The defendant was indicted by the grand jury of De Soto parish for the offense of operating a blind tiger, in the town of Mansfield, where the sale of intoxicating liquor is prohibited by law, in violation of the provisions of Act No. 8 of the Extra Session of the Legislature of the State of Louisiana for the year 1915. He was tried, convicted of the offense charged, and sentenced to pay a fine of $301 and the costs of the prosecution, or, in default of the payment of the fine, to imprisonment in the parish jail for a term of five months. From the verdict and sentence the defendant appealed.

The record presents three bills of exception for our consideration. The first bill was reserved to the overruling of a motion for a continuance; the second, to the overruling of a motion to quash the indictment; and the third, to the overruling of a motion for a new trial.

The motion for a new trial presents nothing that is not urged in the first and second bills, except that the verdict is contrary to the law and the evidence; and it may, therefore, be dismissed without comment.

The basis for the defendant's motion for a continuance is the alleged sudden illness of his attorney on the eve of his trial. The pertinent part of the per curiam of the judge, which is attached to this bill, is as follows:

"Motion for continuance overruled for the following reasons: According to testimony of Mr. Pegues' physician, he is suffering from chronic diseases and has been for a long time. He was advised by his physician to stay in bed. That he is in danger of dying if he does not. Against this advice Mr. Pegues goes to his office and to court, although a sick man.

"Mr. Pegues was in this condition when he accepted employment in this case."

The substance of the final paragraph of the per curiam is to the effect that defendant knew the condition of his counsel, and, inasmuch as his counsel attended court only when it suited his will to do so, and, even then, against the advice of his physician, his alleged illness, under the circumstances mentioned, was not a substantial or reasonable ground for granting the defendant a continuance, especially when all of the defendant's witnesses were present in court and testified on the trial of the case. In State v. Pouncey, 182 La. 511, 162 So. 60, 61, this court said:

"The granting or refusing of any continuance is within the sound discretion of the trial judge, and this court will not review his ruling, unless an arbitrary or unreasonable abuse of such discretion is presented."

See the authorities cited in the Pouncey Case, beginning with State v. Perry, 51 La. Ann. 1074, 25 So. 944, and ending with State v. Florane, 179 La. 453, 154 So. 417. See, also, State v. Blakeney, 164 La. 669, 114 So. 588; and article 320, Code of Criminal Procedure.

It is not shown that the ruling complained of in this bill was arbitrary or unreasonable, or that the judicial discretion,

vested in the judge, was not properly exercised.

The defendant's motion to quash the indictment is based upon the alleged unconstitutionality of section 25 of Act No. 15 of 1934, and of Ordinance No. 233 of the Police Jury of De Soto Parish. It is contended that the title of Act No. 15 of 1934 is not broad enough to authorize the governing authorities of parishes or municipalities to call local option elections for the licensing or prohibition of the sale of intoxicating liquor. Section 25 of the act contains the following provision:

"Provided that the police juries of the several parishes of the State and the governing authorities of all municipalities shall have the power to prohibit the sale or distribution of intoxicating liquor within their respective limits, as said governing authorities may deem advisable. Provided that, whenever it is deemed advisable in the judgment of said governing authorities, an election on the question of granting or withholding permits for the sale or disposition of intoxicating liquor shall be had."

Act No. 3 of the First Extra Session of 1934 amends the title and repealing clause of Act No. 15 of 1934, so as to include in the title of the act the following:

"Providing that such liquor business shall not be licensed nor shall this Act be construed as permitting such business to be conducted in parishes, wards and municipalities where, by vote of a majority of those duly qualified electors voting at an election to be held as provided [in House Bill No. 25 of the regular session

of 1934, Act No. —— of 1934], it has been determined that such business shall not be therein permitted;" etc.

The repealing clause of Act No. 15 of 1934 (section 32) was amended by section 2 so as to leave in full force and effect Act No. 2 of the Extra Session of 1933. In State v. Gullotta, 181 La. 47, 158 So. 616, 617, the right of the police jury to legally adopt an ordinance prohibiting the sale of intoxicating liquor, until the will of the electors of the parish had first been obtained, in an election called for that purpose, was questioned, and, in passing upon the issue thus presented, this court said:

"It is clear that the police jury, under the provisions of law quoted supra, must obtain its authority to prohibit the sale of intoxicating liquor within the territorial limits of the parish, from the electors thereof, and, in the absence of such authority, any prohibitory ordinance adopted by it is null and void."

In this case the local option election was called and held, and the ordinance of the police jury, in conformity with authority of the electors therein, was adopted subsequent to the passage of Act No. 3 of the First Extra Session of 1934. In the case of Bruning v. City of New Orleans, 165 La. 511, 115 So. 733, this court held (quoting from the syllabus on first rehearing):

"Attack on constitutionality of act on ground that title was not broad enough to cover its provision held to fail, where pertinent provisions of act were embodied

in subsequent act, title whereof was broad enough to cover all that it contains."

The provisions of Act No 3 of the First Extra Session of 1934 are germane to the object of Act No. 15 of 1934 as expressed in the title to that act. We quote from Lewis Sutherland, Statutory Construction, vol. 1 (2d Ed.) p. 291, par. 163, the following:

"Where the title indicates the purpose of the Act to be to regulate the sale of intoxicating liquors, it may include all the various means of enforcing compliance with the Act, * * *. Such an Act may provide for local option and prohibit the sale in localities which vote for prohibition, and such partial prohibition will be deemed regulation within the title of the Act."

A mere reference to the title of Act No. 15 of 1934 discloses that its object is to regulate the traffic in malt, vinous, spirituous, alcoholic, or intoxicating liquors containing more than 6 per cent. alcohol by volume, and incidental thereto to provide revenue for the state by levying an excise or license tax thereon. All that counsel for defendant say with reference to this bill is found on page 8 of their brief. We quote it in full:

"With regard to Bill of Exception No. 2, we wish to submit this bill of exception on its face and refer the Court to Act No. 6 of the Fourth Extra Session of 1935, which repeals all laws in conflict with the provisions therein covered."

The defendant was tried and convicted on February 15, 1935. He was sentenced on February 20, 1935, and was, on the same day, granted an appeal returnable to this court on or before April 1, 1935. Act No. 6 of the Fourth Extra Session of 1935 was approved by the Governor September 11, 1935. The provisions of the act are not susceptible of an interpretation that could affect this case.

For the reasons stated the verdict and sentence are affirmed.