179 So. 302

STATE v. WALKER et al.

No. 34667.

Feb. 7, 1938.

C. W. Flowers, of Jena, and Cameron C. Minard, of Clarks, for appellants.

Gaston L. Porterie, Atty. Gen., James O'Connor, Asst. Atty. Gen., Harry Fuller, Dist. Atty., of Winnfield, and Vinson M. Mouser, Asst. Dist. Atty., of Columbia, for the State.

O'NIELL, Chief Justice.

■ The defendants are appealing from a conviction and sentence for the crime of cattle stealing. The indictment charged that they had stolen a yearling bull. When the case came on for trial, and the jury was impaneled, the prosecuting attorney in his opening statement to the jury announced that he had just learned that the yearling that was said to have been stolen was not a bull but a steer. Accordingly, the prosecuting attorney, before offering any evidence, moved to amend the indictment by substituting the word "steer" for the word "bull." The attorney for the defendants objected to the amendment, on the ground—stated substantially—that the proposed change in the name or description of the animal was material to the merits of the case, and that the defendants would be prejudiced thereby. The judge overruled the objection and ordered the indictment amended. The Code of Criminal Procedure, in articles 253 and 364, provides for the amending of an indictment "in the name or description of any matter or thing whatsoever therein named or described." It is provided in these articles that, if an amendment is made to change the substance of the indictment, or to avoid a variance between the indictment and the proof, and if the jury has been impaneled, the defendant shall be entitled, on his own motion, to

have the jury discharged and the trial postponed. Which means that, if the defendant in such a case does not move for the discharge of the jury and the postponement of the trial, he has no further cause to complain of the amendment of the indictment. No such motion was made on behalf of the defendants in this case. Hence, assuming, for the sake of argument, that the change made by the amendment of the indictment was material to the merits of the case, and that the defendants might have been prejudiced thereby, the remedy which the law afforded them was to ask for the jury to be discharged and the trial postponed. We infer, from the failure of the attorneys for the defendants to avail themselves of this remedy, that they came to the conclusion that the amendment of the indictment was not material to the merits of the case, and that the defendants were not prejudiced thereby. State v. Johnson, 181 La. 1, 158 So. 570.

■ Several bills of exception were reserved by the attorneys for the defendants, to the rulings of the judge on questions of admissibility of the evidence; but no such bills of exception were tendered to the judge for his signature; hence the objections to these rulings must be considered as abandoned.

■ By a motion in arrest of judgment, the defendants complain, for the first time, that no member of the colored race was on the jury venire, or available for service on the jury. It is alleged in the motion that the defendants are members of the colored race; that they were tried by a

jury composed of white men only; that at least one-fifth of the population of La Salle parish, where the case was tried, are members of the colored race; and hence that the failure to allow the defendants to be tried by a jury composed of a fair proportion of members of their race was a discrimination against them because of their race or color. A motion in arrest of judgment is unavailing unless it has reference to a wrong that is apparent on the face of the record. The record in this case—aside from the allegations of the motion in arrest of judgment—does not disclose the race or color of the defendants, or of the members or composition of the jury who tried them, or whether there are any members of the colored race in the parish of La Salle. The only appropriate method by which the defendants might have urged their complaint with regard to the jury venire was by a motion to quash the venire.

The verdict and sentence are affirmed.