of the purchaser. These authorities support its contention. However, this court must decide each case on the issues presented therein. In the instant case, after considering the language of the bill of information we were of the opinion that the accused was entitled to the information sought so that he could adequately prepare his defense, and that in refusing to order the State to furnish this information the trial judge abused his discretion.

Rehearing refused.

86 So.2d 907

**STATE of Louisiana**

**v.**

**Jules CROVETTO and Claude Carbo.**

No. 42669.

Feb. 20, 1956.

Rehearing Denied March 26, 1956.

G. W. Gill and Andrew Bucaro, New Orleans, for appellants.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Leon D. Hubert, Jr., Dist. Atty., Malcolm V. O'Hara, Asst. Dist. Atty., Edward A. Haggerty, Jr., Asst. Dist. Atty., New Orleans, for appellee.

HAWTHORNE, Justice.

Jules Crovetto and Claude Carbo have submitted to us without oral argument their appeal from a conviction of gambling as denounced by Article 90 of the Criminal Code, R.S. 14:90. In brief filed in this court counsel for appellants rely on seven bills of exception as grounds for a new trial. Although none of these bills has any merit, we will mention them briefly.

Bills Nos. 1 and 10 concern the admission in evidence of federal wagering tax returns; quarterly reports made to the State of Louisiana, Department of Labor, Division of Employment Security; and a certified check. The theory of this objection is that these documents are privileged and confidential, and also that their admission violates appellants' constitutional privilege against self-incrimination. These arguments are refuted in our opinion in

State v. Mills and Vernaci, La.Sup., 86 So. 2d. 895.

Bill No. 2 was reserved to the overruling of Crovetto's motion to quash the information charging him with gambling. As the information filed against Carbo and Crovetto in the present case is practically the same as that filed against Mills and Vernaci in State v. Mills and Vernaci, supra, our decision upholding the sufficiency of the information in Mills is controlling here.

Bills Nos. 5, 6, and 7 were reserved by defense counsel during the testimony of Lieutenant McDonnell, an expert on lottery operations. These bills are inconsequential and are without merit.

Bill No. 11 was reserved under the following conditions: At the close of the State's case Crovetto moved for a directed verdict acquitting him of gambling in violation of Article 90. The court refused to grant the motion, and Crovetto reserved a bill of exception. The refusal to grant a directed verdict is something that we cannot review. Article 402.1 of the Code of Criminal Procedure, R.S. 15:402.1, which gives the accused in a criminal prosecution the right to move for a directed verdict after the evidence on either side is closed, also provides that "The judgment of the court in refusing to grant such motion by the defendant shall not be subject to review by any appellate court".

During the trial Crovetto and Carbo reserved other bills of exception, but no mention is made of them in appellants' brief here. Although we would be justified under the circumstances in considering these bills abandoned, we have examined them, and find them without merit.

The conviction and sentences are affirmed.

FOURNET, C. J., concurs in the decree.