HAWTHORNE, Justice.
This is a companion case to State v. Forsyth, 229 La. 690, 86 So.2d 536; State v. Reinhardt, 229 La. 673, 86 So.2d 530; State v. Mills, 229 La. 758, 86 So.2d 895; State v. Callia, 229 La. 796, 86 So.2d 909; and State v. Crovetto, 229 La. 793, 86 So.2d 907 —all lottery cases. In the instant proceedings, Lucius Forsyth has submitted to this court without oral argument his appeal from a conviction of gambling in contravention of Article 90 of the Louisiana Criminal Code, R.S. 14:90, relying on six bills of exception in his effort to get a new trial. These bills present for our review nothing which we have not already passed on in the cases already handed down.
Bill No. 1 was reserved to the introduction in evidence during Forsyth’s trial of lottery paraphernalia seized by police officers when they arrested a man named Roland Boudreaux, and also of a payroll tax deduction memorandum for Boudreaux which was made out about two and a half months before the latter was arrested. The argument made here is that at the time the lottery paraphernalia were introduced there was no proof before the court that Boudreaux was Forsyth’s agent. Moreover, in objecting to the payroll tax deduction memorandum appellant contends that this document was too remote in time from the date of the crime charged to be admissible. For an answer to these objections see State v. Forsyth, supra, and State v. Mills, supra.
Bills Nos. 2, 3, and 4 were reserved when the trial judge permitted the State to file in evidence photostatic copies of Forsyth’s federal wagering tax returns, and also his quarterly reports made to the Louisiana Department of Labor, Division of Employment Security. During the trial defense counsel objected to the introduction of the wagering tax returns on the ground that they were only photostatic copies and therefore not the best evidence. It was also argued that the federal and state reports were not identified by their respective custodians, and that the reports that had been filed during 1953 were too remote in time from the date of the crime to be admissible. These objections were answered by us in State v. Forsyth, supra, and in State v. Mills, supra. In brief in this court counsel for appellant for the first time argue that these state and federal documents are privileged and confidential, and that their admission in evidence violates Forsyth’s constitutional privilege against self-incrimination. For a rebuttal of these contentions see our opinion in State v. Mills, supra.
Bills Nos. 5 and 6 in this case are conceded in brief by counsel for Forsyth to contain no legal points not covered by Bills *1091 Nos. 1-4 above, and for this reason deserve no further comment on our part.
The conviction and sentence are affirmed.