88 So.2d 209

**STATE of Louisiana**

**v.**

**Christian W. BAUM, Sr., et al.**

No. 42778.

May 7, 1956.

Rehearing Denied June 11, 1956.

Chandler C. Luzenberg, Jr., Girard J. Fernandez, New Orleans, for defendants-appellants.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Leon D. Hubert, Jr., Dist. Atty., Adrian G. Duplantier, First Asst. Dist. Atty., Edward A. Haggerty, Jr., Asst. Dist. Atty., New Orleans, for appellee.

HAWTHORNE, Justice.

Our decision in this lottery case is controlled by the opinions we handed down recently in State v. Forsyth, 229 La. 690, 86 So.2d 530; State v. Reinhardt, 229 La. 673, 86 So.2d 530; State v. Mills, 229 La. 758, 86 So.2d 895; State v. Callia, 229 La. 796, 86 So.2d 909; State v. Crovetto, 229 La. 793, 86 So.2d 907; and State v. Forsyth, 229 La. 1088, 87 So.2d 608. Christian

W. Baum, Sr., Frank Schnell, and Lionel Barthelemy, Sr., are here submitting to us without oral argument their appeal from convictions of gambling as prohibited by Article 90 of the Louisiana Criminal Code, R.S. 14:90. The seven bills of exception which are the bases of appellants' demand for a new trial present for our consideration no issue of law which has not already been passed on by us in the above cited lottery cases, and therefore we will affirm the convictions and sentences imposed by the lower court with a minimum of discussion.

■ Bill of Exception No. 1 involves the qualifications of Police Officer Gerald Hirt as a lottery expert, but does not impress this court. After Hirt had testified that he had made over 200 arrests in lottery cases, and had played lottery several times before he joined the police force, the trial judge ruled that Hirt could testify as an expert on lottery wagering. As this court said in State v. Mills, supra, it is well settled that the trial judge determines whether witnesses offered as experts are entitled to be heard in that capacity, and his ruling will not be disturbed on appeal where no error appears. State v. Damico, 213 La. 765, 35 So.2d 654, relied on by appellants here is inapposite. In Damico the police officer who was permitted to testify on gambling was not shown to be competent as a result of knowledge acquired from practical experience and observation in his work as a police officer, whereas the contrary is true in the instant case. See State v. Normandale, 174 La. 835, 141 So. 851.

■ Bills Nos. 2, 3, and 4 are also inconsequential. They were reserved in connection with the introduction into evidence of certain federal wagering tax returns and quarterly reports made to the Louisiana Department of Labor, Division of Employment Security. For our views on the admissibility of these public records, see our opinion in State v. Mills, supra; State v. Reinhardt, supra; and State v. Forsyth, 229 La. 690, 86 So.2d 530.

■ Bill No. 5 was reserved to the introduction in evidence of lottery paraphernalia seized by Hirt when he arrested appellants' agent. Two of the exhibits were objected to because they bore a different date from that of the offense, and three were attacked because they were almost or entirely blank. We refused to sustain similar objections in State v. Mills, supra.

Bills Nos. 6 and 7 spring from the overruling by the trial judge of appellants' motions for a new trial and in arrest of judgment. They contain the points raised in the bills discussed above, and also the time-honored contention that the crime with which appellants are charged was not proven at their trial beyond a reasonable doubt. These bills present nothing for our review.

The convictions and sentences are affirmed.