88 So.2d 210

**STATE of Louisiana**

v.

**August J. MILLS, Jr.**

No. 42788.

May 7, 1956.

Rehearing Denied June 11, 1956.

Rudolph F. Becker, Jr., New Orleans, for appellant.

Fred S. LeBlanc, Atty. Gen., Michael E. Culligan, Asst. Atty. Gen., Leon D. Hubert, Jr., Dist. Atty., Adrian G. Duplantier, First Asst. Dist. Atty., Edward A. Haggerty, Jr., Asst. Dist. Atty., New Orleans, for appellee.

McCALEB, Justice.

Appellant, relying on three bills of exceptions, seeks a reversal of his conviction for gambling, as defined by Article 90 of the Criminal Code, LSA–R.S. 14:90, by conducting and operating a lottery. The subject matter of the bills has already been considered and determined adversely to appellant in our recent decisions in the following lottery cases: State v. Forsyth, 229 La. 690, 86 So.2d 536; State v. Reinhardt, 229 La. 673, 86 So.2d 530; State v. Mills and Vernaci, 229 La. 758, 86 So.2d 895; State v. Callia and Habeney, 229 La. 796, 86 So.2d 909; State v. Crovetto and Carbo, 229 La. 793, 86 So.2d 907 and State v. Forsyth, 229 La. 1088, 87 So.2d 608. Hence, extended discussion would be superfluous.

Bill No. 1, which was taken to the overruling of a motion for a bill of particulars, raises points identical with those passed on in State v. Mills and Vernaci and some of the other cases above cited. It is without merit for the reason given in those matters.

Bill No. 2 was reserved to the court's action in admitting in evidence, over objection, certain lottery paraphernalia found in the possession of appellant's co-defendant, Arthur Mallet, at the time of his arrest on

November 11, 1954. It is said that these exhibits had no relevancy to the lottery operation of November 11, 1954 because they were not dated and, further, because they revealed that they were the property of the "Red Horseshoe" Lottery Company and the "Blue Horseshoe" Lottery Company whereas the reports made by appellant to the Louisiana Division of Employment Security and the Federal Gambling Stamp showed that appellant operated under the names of "The Original Blue" and "The Original Red Horseshoe", there being no evidence exhibiting any connection between these lottery companies.

There is no merit in the bill. The evidence was clearly relevant in support of the state's case. The question of whether the companies were the same as those listed in the quarterly reports to the Louisiana Department of Security and on the Federal Gambling Stamps was purely one of fact.

As to the objection that the lottery paraphernalia were undated, see State v. Mills and Vernaci, supra.

Bill No. 3, taken to the overruling of a motion for a new trial, merely reiterates the complaints made in the other two bills of exceptions, of which we have already made disposition.

The conviction and sentence are affirmed.