194 So.2d 717

**STATE of Louisiana**

**v.**

**Allen J. MOYE.**

No. 48278.

Jan. 16, 1967.

Rehearing Denied Feb. 20, 1967.

Johnnie A. Jones, Baton Rouge, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., Sargent Pitcher, Jr., Dist. Atty., Davis A. Gueymard, Asst. Dist. Atty., for appellee.

HAWTHORNE, Justice.

Allen J. Moye was charged in a bill of information under R.S. 14:285 [1] with the use of obscene, indecent, and profane language and threats in an anonymous telephone conversation. He was tried for this offense, a misdemeanor, by the judge alone, found guilty, and sentenced to pay a fine of $1000.00 and costs of court, and in default of payment of fine to be confined in the parish jail for one year. From this conviction and sentence he has appealed, relying for reversal on three bills of exception.

The first bill of exception was taken to the trial judge's overruling of the defendant's motion for a directed verdict of ac-

---

[1]. R.S. 14:285 reads: "A. No person shall engage in or institute a telephone call, conversation or conference of an anonymous nature and therein use obscene, profane, vulgar, lewd, lascivious or indecent language, or make any suggestion or proposal of an obscene nature or make any threat of any kind whatsoever.

"B. Whosoever violates the provisions of this act shall be fined not more than five thousand dollars, or be imprisoned for not more than two years, or both."

quittal based on the ground that "the State has not proven beyond a reasonable doubt that a crime has been committed". This motion for a directed verdict was made orally at the conclusion of the introduction of evidence by the State and apparently after it had rested its case. The evidence adduced by the State had not been taken down because the defense had not requested that it be taken and transcribed. Consequently the only thing before us is counsel's motion with his reasons therefor and the ruling of the judge.

■■■ As we construe defendant's motion, its basis is that the evidence is insufficient. This is the proper basis for a motion for directed verdict under R.S. 15:402.1, but that statute further provides that "The judgment of the court in refusing to grant such motion by the defendant shall not be subject to review by any appellate court". The provision of the statute is in accord with our Constitution which limits our review in criminal cases to questions of law alone and with the jurisprudence of this court to the effect that the question of insufficiency of the evidence is a question of fact only, not reviewable by the Supreme Court. Art. 7, Sec. 10, La.Const. of 1921; State v. Stinson, 169 La. 377, 125 So. 277; State v. Montgomery, 170 La. 203, 127 So. 601; State v. Ricks, 170 La. 507, 128 So. 293; State v. Normandie, 174 La. 835, 141 So. 851; State v. Ugarte, 176 La. 54, 145 So.

266; State v. White, 207 La. 695, 21 So.2d 877; State v. Vallery, 214 La. 495, 38 So. 2d 148; State v. Abadie, 247 La. 1043, 175 So.2d 825. This bill therefore presents. nothing for our review.

Bill of Exception No. 2 was reserved to the overruling by the trial judge of the accused's motion for a new trial, in which he raises for the first time an objection to the State's amending the bill of information.

After the State had completed the introduction of its evidence, it was permitted by the court to amend the bill of information to conform to the evidence adduced. The amendment was entirely proper under R.S. 15:253, which provides that the court may at any time before, during, or after the trial amend the indictment in respect to any defect, imperfection, or omission in form or substance or any variance with the evidence, and that if the amendment is made to the substance or to cure a variance between the indictment and the proof, the accused on his motion is entitled to a reasonable continuance of the cause, except under certain specified circumstances.

■ In the instant case the accused made no objection at the time the court permitted the information to be amended, and did not ask for a continuance; and the trial proceeded to a conviction. Under the jurisprudence of this court, when the defendant did not ask for a continuance

at the time the information was amended, he waived his right to object thereafter in a motion for a new trial. State v. Johnson, 181 La. 1, 158 So. 570; State v. Walker, 189 La. 241, 179 So. 302; State v. Kelly, 237 La. 991, 112 So.2d 687.

■■ The remaining allegations in the motion for a new trial may be summed up as contentions that there was no evidence to support the conviction and that the evidence was insufficient. As to the allegation that there was no evidence, the defendant has not attached to and made a part of this bill the evidence adduced at the trial of this case, and hence there is nothing before the court for review. It is well settled under our law that evidence can be brought before the Supreme Court on appeal in criminal cases only by being annexed to and made part of a bill of exception timely reserved and perfected. R.S. 15:498 et seq.; State v. Honeycutt, 218 La. 362, 49 So.2d 610, and authorities cited; State v. LeBleu, 203 La. 337, 14 So.2d 17, and authorities cited; State v. Stewart, 188 La. 546, 177 So. 662; State v. Bueche, 243 La. 160, 142 So.2d 381.

With reference to defendant's contention that there was no evidence, we note in passing that the trial judge in his per curiam to one of the bills said that the "Guilt of the charge was amply proven by the witnesses for the state. The complaining witness recited the language used in some of the [telephone] calls and the words so described were just about as vulgar and obscene as one can imagine, all relating to the sexual intercourse which the defendant was seeking".

The allegation in the motion for a new trial that the evidence was insufficient presents only a question of fact which, even if the evidence were in the record, we could not review under the authorities cited above in our discussion of Bill No. 1.

■ When sentence was imposed, defendant excepted and reserved Bill of Exception No. 3. This bill does not assign any reason for objection. The sentence imposed, as set out above, is authorized by the statute, and we find nothing illegal or improper in it. Moreover, since this bill has not been briefed and was not argued before this court, it evidently has been abandoned.

The conviction and sentence are affirmed.