ST. PAUL, J.
Defendant was convicted of a violation of Act 12 of 1870, to wit, for operating a “banking game.”
I.
The ruling of the trial judge refusing a new trial cannot be reviewed by us for want of a formal bill of exception. In State v. Haines, 51 La. Ann. 731, 25 South. 372, 44 L. R. A. 837, this court held:
“To have a mere note entered on the record, ‘bill of exception reserved,’ is, in a criminal case, no bill whatever. * * * Bills of exception in criminal trials should be signed by ■the trial judge.”
II.
The motion in arrest of judgment is without merit.
(1) Act 12 of 1870, had but one object, to wit, to re-enact as law the provisions of Act 120 of 1855 (now R. S. § 911), punishing the keeping of a banking game, which had been repealed (by implication) by a section of the revenue law of 1869 (Act No. 114). But even if it could be said that a statute which purposes to repeal a repealing law and at the same time re-enact the repealed statute has two objects (which we deny) yet under the Constitution then existing a statute might have more than one object, provided those objects were expressed in its title. Const. 1868, art. 114. • And the title to Act 12 of 1870 clearly expresses its purpose to repeal the conflicting provisions of the revenue law of 1869 and to define and punish gambling.
(2) The information charges the of.fense in the language of the statute, and that suffices.
(3) The defendant was properly tried before the judge alone. It was not charged that this was his second offense; and for a first offense he was liable, under- the statute, to a fine only, and not to imprisonment at hard labor. Const. 1921, art. 7, § 41, p. 50.
(4) Questions of fact, requiring evidence, are not reviewable on a motion in arrest of judgment.
Decree.
The judgment appealed from is therefore affivmed.