Atty., of Covington (E. R. Schowalter, Asst. Atty. Gen., of counsel), for the State.

LAND, J. Defendant was found guilty of unlawfully selling intoxicating liquor, to wit, whisky, for beverage purposes, and was sentenced to pay a fine of $300 and to be imprisoned in the parish jail for a period of 60 days, and, in default of payment of fine, to be imprisoned for a further period of 8 months.

The charge against defendant is a misdemeanor, and is punishable for the first offense by fine of not more than $500 and imprisonment of not more than 60 days. Act 39 of 1921, § 3.

As neither a fine exceeding $300, nor imprisonment exceeding 6 months has been actually imposed, the Supreme Court is without appellate jurisdiction in this case. Const. 1921, art. 7, § 10; State v. Harrison, 154 La. 1011, 98 So. 622.

It is therefore ordered that the appeal be dismissed.

O'NIELL, C. J., dissents.

═══════

(105 So. 410)

No. 27297.

## STATE v. DWYER.

(July 13, 1925.)

*(Syllabus by Editorial Staff.)*

1. **Criminal law ⚖1064(i)—Motion on ground that verdict contrary to law and evidence held not to present any question of law reviewable by Supreme Court.**

Ground of motion for new trial, alleging that verdict was contrary to law and evidence *held* not to present any question of law reviewable by the Supreme Court.

2. **Criminal law ⚖586, 1151—Refusal to grant continuance not interfered with, unless clear case of abuse of discretion is presented.**

Generally the granting or denying of an application for a continuance in a criminal case rests largely in the discretion of the trial judge, and his refusal to grant a continuance will not be interfered with, unless a clear case of abuse of such discretion is presented.

3. **Criminal law ⚖593—Trial court's action in ordering trial to proceed on nonappearance of accused's counsel, in whose place he, appointed another, held not abuse of discretion.**

Trial court's action in ordering trial to proceed, following one continuance on nonappearance of accused's counsel, after he appointed another counsel, *held* not abuse of discretion, where it did not appear that accused's trial was not as effectively conducted as it would have been by counsel chosen by accused.

Appeal from Criminal District Court, Parish of Orleans; A. D. Henriques, Judge.

Patrick Dwyer was convicted of offering a bribe to a police officer, and he appeals. Affirmed.

Thomas V. Craven, of New Orleans, for appellant.

Percy Saint, Atty. Gen., and Henry Mooney, Dist. Atty., and Eugene Stanley, Asst. Dist. Atty., both of New Orleans, for the State.

ROGERS, J. Appellant was charged with offering a bribe to a police officer of the city of New Orleans with the intent to induce the said police officer to allow and permit him to illegally run an immoral house, with immunity from arrest and prosecution for said offense, in violation of the provisions of Act 59 of 1878.

The accused was arraigned on March 27, 1925, when he pleaded not guilty. He was called for trial on Monday, April 27, 1925. On the oral motion of his counsel, suggesting the absence of a witness, one Lillian Martinez, who was necessary to his defense, and the counsel for the state agreeing thereto, a continuance was granted until Friday, May 1, 1925. The case was again called for trial on Friday, May 1, 1925, but the defense counsel, who had requested the continuance on April 27, 1925, was absent; and no reason for his

.nonappearance was furnished to the court or to the counsel for the state. No motion nor request was made by the defendant himself for a continuance; and the court thereupon appointed Stanley McDermott, Esq., to act as counsel for the defendant, requesting him to consult with the defendant and to ascertain if he was then and there ready for trial. After a conference of some 20 or 30 minutes, Mr. McDermott announced in open court that he was ready to proceed with the trial if the testimony of the witness Lillian Martinez could be secured. The court ordered an instanter issued for the absent witness and, she having been brought into court by the sheriff, then directed the trial of the case to be proceeded with. A jury was impaneled, and testimony was offered on behalf of the state, and witnesses, including Lillian Martinez, were examined on behalf of the defendant. The case was then closed, and, after hearing argument of counsel and receiving instructions of the court, the jury found the defendant "guilty as charged."

On May 20, 1925, the defendant, through his original counsel, filed a motion for a new trial, alleging, first, that the verdict was contrary to the law and the evidence; and, secondly, that the court erred in refusing to grant a continuance to the defendant in the absence of his attorney. This motion was refused, and defendant was sentenced to imprisonment in the state penitentiary at hard labor for a term of not less than 1 year, nor more than 14 months. Defendant then applied for and obtained an appeal to this court.

The case is before us on the bill of exception reserved to the ruling of the trial court in refusing the motion for a new trial.

[1, 2] The first ground set forth in the motion for a new trial does not present any question of law reviewable by this court. The sole issue under the second ground of the motion is whether the trial court acted legally in refusing to grant a second continuance because of the unexplained absence of counsel, where no continuance was requested by the accused, and where the court appointed counsel to represent him.

The general rule is that the granting or denying an application for a continuance in a criminal case rests largely in the discretion of the trial judge, and his refusal to grant a continuance will not be interfered with, unless a clear case of abuse of such discretion is presented. State v. White, 156 La. 770, 101 So. 136; State v. Jack, 139 La. 885, 75 So. 429; State v. Cloud, 130 La. 955, 58 So. 827, Ann. Cas. 1913D, 1192; State v. Perry, 51 La. Ann. 1077, 25 So. 944.

This court has specifically held that:

"In the absence of any appearance on the record that the defendant requested the court to assign counsel, or applied for continuance on the ground of absence of counsel of record, the mere fact that the trial proceeded without the aid of counsel to defendant does not constitute error." State v. Doyle, 36 La. Ann. 91.

See, also, to the same effect, State v. Perry, 48 La. Ann. 651, 19 So. 684.

And in State v. Dubois, 24 La. Ann. 309, the court said:

"The continuance of a criminal trial cannot be claimed by the accused a second time on the ground of the absence of counsel."

[3] In the circumstances of this case, we do not find that the trial judge abused his discretion in ordering the trial of the accused to proceed. It is not suggested that defendant did not have a fair trial. The court appointed competent counsel to represent him. The counsel so appointed cross-examined the witnesses for the state, produced and examined the witnesses for the defendant, and addressed the jury in defendant's behalf. It is not shown that defendant's legal rights were not preserved, or that his case was not as effectively conducted, by the counsel assigned to him by the court as they could, or

would, have been by the counsel chosen by himself.

For the reasons assigned, the verdict and sentence appealed from are affirmed.