(110 So. 749)

No. 28070.

## STATE v. HUDSON.

(Nov. 29, 1926.)

*(Syllabus by Editorial Staff.)*

1. **Criminal law** ⊜594(1), 1151—**Granting or denying continuance to secure witness is discretionary, and will not be interfered with unless manifestly arbitrary.**

Granting or denying continuance to secure absent witness rests largely in sound discretion of trial judge, which will not be interfered with unless manifestly arbitrary and denying justice.

2. **Criminal law** ⊜594(3)—**Denying continuance to secure witness held not error, in view of efforts to secure him.**

Evidence *held* not to show abuse of discretion in denying continuance to secure absent witness, in view of deputy sheriff's search for him.

3. **Criminal law** ⊜1158(1)—**Guilt or innocence is exclusively for trial court.**

Guilt or innocence of accused is matter within exclusive province of trial court.

4. **Indictment and information** ⊜110(16), 125(28)—**Indictment for keeping banking game, following language of statute, held to sufficiently set forth offense and to charge but one offense.**

Indictment for keeping a banking game *held* to sufficiently set forth nature of offense and to charge but one offense, where following language of statute.

5. **Constitutional law** ⊜48—**One asserting law to be unconstitutional must specifically and clearly show invalidity.**

Law is presumed constitutional, and one asserting otherwise has burden to show unconstitutionality specifically and clearly.

6. **Gaming** ⊜63(1) — **Banking game statute held not unconstitutional because not defining banking game or house.**

It is now too late to question constitutionality of banking game statute because it does not by its terms define what constitutes keeping a banking game or house.

Appeal from Eighth Judicial District Court, Parish of La Salle; F. E. Jones, Judge.

Sam Hudson was convicted of keeping a banking game and a banking house at which money and the representative of money and articles of value were bet and hazarded, and he appeals. Affirmed.

C. W. Flowers, of Jena, for appellant.

Percy Saint, Atty. Gen., Percy T. Ogden, Asst. Atty. Gen., and Harry Fuller, Dist. Atty., of Winnfield (E. R. Schowalter, of New Orleans, of counsel), for the State.

THOMPSON, J. The defendant was convicted of the crime of keeping a banking game and banking house at which money and the representative of money and articles of value were bet and hazarded. He was sentenced to pay a fine of $1,000 and, in default of payment, to serve 12 months in jail.

On appeal he complains of errors of the trial judge: (1) In not granting him a continuance; (2) in overruling a motion for a new trial; and (3) in failing to sustain a motion in arrest of judgment.

The basis for the application for a continuance was the absence of a witness named W. P. Jones, who it is alleged if present "would swear to facts material to your defendant's case."

It appears that the defendant was arraigned on April 9th, and the case was fixed for April 23d. A summons was issued for Jones on April 21st, and the deputy sheriff made two trips to Tullos, the place given as the residence of the witness, but was unable to find him or to obtain any information as to the whereabouts of the witness.

In addition to the visits and inquiry at Tullos, the deputy inquired of the defendant and his counsel, but they could give him no information as to the location of the witness. The witness had no known residence within the parish and, if he had ever been at Tullos, the site of the recent oil development, his stay was only temporary.

[1] An accused party is not entitled as a matter of right to a continuance on account

of the absence of a supposed material witness.

The matter of granting or denying a continuance rests largely in the sound discretion of the trial judge, and that discretion will not be interfered with on appeal unless the same is manifestly arbitrary and amounts to a denial of justice. State v. Doty, 158 La. 842, 104 So. 736; State v. Dwyer, 159 La. 399, 105 So. 410.

[2] The judge has not abused that discretion in this case.

[3] The motion for a new trial alleged that the state failed to prove that defendant operated or had any connection with a banking house or banking game of any kind, or that defendant was the owner of a banking game or place where such game was operated; that on the contrary the defendant established by competent evidence that he was not the owner or operator of any banking game.

The question of the guilt or innocence of the accused was within the exclusive province of the trial court to determine, and his finding under the evidence on that issue is not reviewable by this court. This fact has been so often announced and reiterated as to render further notice of such a contention as presented by this bill unnecessary.

[4] The motion in arrest of judgment which forms the basis of the third bill alleges that the indictment does not state an offense under the laws of Louisiana; that the indictment is vague, indefinite, and attempts to charge more than the one offense, and, further, that the statute under which the prosecution was had is unconstitutional.

The indictment follows the language of the statute and sufficiently sets forth the nature and character of the offense with which the defendant is charged. It charges only one offense and is clearly not amenable to the objection of duplicity.

[5] On the plea of unconstitutionality of

162 LA.—18

the statute denouncing as a crime the keeping of a banking game, we are not advised what provision of either the state or federal Constitutions the statute contravenes. We might very well, therefore, content ourselves by dismissing the matter with the statement often repeated to the effect that a law is presumed constitutional and the burden rests upon the one who asserts to the contrary to point out and to show specifically and clearly wherein the Constitution of the state or of the nation has been offended against by the terms of the statute attacked.

[6] We will say, however, that more than a quarter of a century ago this court had occasion to consider the banking game statute here under consideration under a motion to quash the indictment on the ground that the statute did not by its terms define what constitutes keeping a banking game or house. We there said that it was late for that issue to be raised.

"Laws denouncing banking games and banking houses at which money is hazarded have been on the statute books of the state since the year 1835, re-enacted from time to time, and none of them have been more specific in definition than the one under which the present indictment is framed; yet repeatedly have appeals from convictions in such cases been before this court."

For the reasons assigned the conviction and sentence are affirmed.