(112 So. 303)

No. 28188.

STATE v. BIGNER.

Feb. 28, 1927. Rehearing Denied March 28, 1927.

*(Syllabus by Editorial Staff.)*

**1. Criminal law ⬤⟹371(3) — That defendant drew other dishonored checks on same bank held relevant on intent in obtaining goods by bogus check (Act No. 43 of 1912).**

In prosecution under Act No. 43 of 1912, for obtaining goods by bogus check, evidence that defendant had drawn other dishonored checks on same bank was relevant to question whether he overdrew his account intentionally or accidentally.

**2. Witnesses ⬤⟹337(6)—Cross-examination of defendant as to previous prosecution for larceny held permissible to discredit him.**

In trial for obtaining goods by bogus check, cross-examination of defendant as to whether he had been prosecuted previously for larceny was admissible for purpose of discrediting him as witness.

**3. Witnesses ⬤⟹319—Defendant testifying for himself puts his credibility at issue.**

Defendant testifying in his own behalf in criminal prosecution puts his credibility at issue.

**4. Witnesses ⬤⟹345(2)—Cross-examination of defense witness as to trial for forgery held permissible to discredit him.**

In trial for obtaining goods by bogus check, cross-examination of defense witness as to whether he had ever been tried for forgery was permissible for purpose of discrediting him.

**5. Criminal law ⬤⟹1170½(2)—Cross-examination of defense witness as to trial for forgery held not unduly harmful, in view of answer that he was acquitted.**

Where defense witness, questioned on cross-examination as to whether he had ever been tried for forgery, answered that he was acquitted, no undue harm was done.

**6. Criminal law ⬤⟹1159(1)—Supreme Court cannot decide fact questions on which guilt or innocence depends.**

Supreme Court has no jurisdiction to decide questions of fact on which question of guilt or innocence depends.

**7. Criminal law ⬤⟹1066, 1090(16)—On motion for new trial of bogus check charge, allegations as to payment of dishonored checks and reason for dishonor cannot be considered, in absence of request for special charge and bill of exception to overruling of motion.**

Whether checks drawn by defendant, convicted of obtaining goods by bogus check, were dishonored because account was depleted by cashing forged check, and he paid all dishonored checks after being reimbursed for bank's error, as alleged in motion for new trial, cannot be considered by Supreme Court, in absence of request for special charge, based on hypothetical statement of such facts, and bill of exception to overruling of motion supported by admission or statement by judge of facts showing error of law.

Appeal from Twenty-First Judicial District Court, Parish of Livingston; Columbus Reid, Judge.

James Bigner was convicted of obtaining goods by the use of a false or bogus check or by means of the confidence game, and he appeals. Affirmed.

R. M. McGehee, of Hammond, for appellant.

Percy Saint, Atty. Gen., A. L. Ponder, Jr., Dist. Atty., of Amite, and E. R. Schowalter, Asst. Atty. Gen., for the State.

O'NIELL, C. J. Appellant was convicted of the crime of obtaining goods of the value of $40 by the use of a false or bogus check, or by the means commonly called the "confidence game." The crime is denounced by the Act 43 of 1912, p. 51.

[1] The record contains eleven bills of exception. Bills No. 1 to No. 9, inclusive, were reserved to the overruling of the defendant's objections to the introduction of evidence showing that he had drawn on the same bank other checks that were dishonored. The objection, in each instance, was that the evidence was irrelevant and tended only to create an unfair prejudice against the defendant. We agree with the district judge that the evidence was relevant to the question

whether the defendant's overdrawing of his bank account was done intentionally or accidently. 16 C. J. 1162, § 597.

[2, 3] Bill No. 10 was reserved to the overruling of an objection to a question propounded to the defendant as a witness, on cross-examination, as to whether he had been prosecuted previously for larceny. The question was objected to on the ground that it was an attack upon the character of the defendant, which had not been put at issue. The evidence was admitted for the purpose of discrediting the defendant as a witness. For that purpose the evidence was admissible. When the defendant in a criminal prosecution testifies in his own behalf, his credibility is thereby put at issue, the same as is the credibility of any other witness who testifies in the case.

[4, 5] Bill No. 11 was reserved to the overruling of an objection to a question, propounded to a defense witness on cross-examination, as to whether he had ever been tried for forgery. The question was objected to on the ground that it was an attack upon the character of the witness. The evidence was admitted for the purpose of discrediting the witness. For that purpose the evidence was admissible. The witness answered that he was prosecuted for forgery but was acquitted. Therefore no undue harm was done by the question and answer.

[6, 7] The brief filed on behalf of the appellant in this case is merely an argument of his motion for a new trial, on the ground that the verdict was contrary to the law and the evidence. The motion was founded upon the allegation, specifically, that the evidence showed that the reason why the checks which the defendant drew on his bank account were dishonored was that some one had forged his name to a check, which the bank cashed and thereby depleted the account. It was alleged in the motion that the bank afterwards reimbursed him for the error, and that he then paid all of the dishonored checks. If those facts were proven, the defendant should have been acquitted, or a new trial should have been granted. But the trial judge does not admit that those were the facts, and we have no jurisdiction to decide the questions of fact on which depends the question of guilt or innocence. The proper method of propounding the question, as a question of law, to this court, would have been to request of the trial judge a special charge to the jury, based upon the hypothetical statement of facts, as stated in the motion for a new trial. There was no bill of exception taken to the overruling of the motion for a new trial, and no such bill would have been availing without an admission or a statement by the judge of such facts as would show an error of law. The case is argued on behalf of the appellant as if we had authority to consider and decide the questions of fact on which depends the appellant's guilt or innocence. The Constitution denies us that authority.

The verdict and sentence are affirmed.