For the reasons assigned, the judgment appealed from is affirmed.

ST. PAUL, J., absent.

154 So. 417

STATE v. FLORANE.

No. 32689.

March 26, 1934.

Claiborne, Claiborne & Shepard, of New Roads, for appellant.

G. L. Porterie, Atty. Gen., James O'Connor, Asst. Atty. Gen., and Hewitt Bouanchaud, Dist. Atty., of New Roads (James O'Niell, Sp. Asst. to Atty. Gen., of counsel), for the State.

ODOM, Justice.

The defendant was convicted of the crime of keeping a banking game at which money was bet or hazarded, in violation of Act No. 12 of 1870. He was fined $1,000, and, in default of the payment of the fine, it was ordered that he serve six months in jail. He appealed.

He moved to quash the indictment on two grounds: First, that Act No. 12 of 1870, under which the indictment is brought, is unconstitutional; and, second, that said act was repealed by articles 341, 582, and 583 of the Code of Criminal Procedure.

As to the constitutionality of the act, it need only be said that the act has been at-

tacked before on the ground of unconstitutionality and upheld. State v. Kilshaw, 158 La. 203, 103 So. 740; State v. Hunter, 106 La. 187, 30 So. 261; State v. Hudson, 162 La. 543, 110 So. 749, and State v. Capell, 154 La. 662, 98 So. 58.

■ It is pointed out that section 6 of the act of 1870 declares that the offense of keeping a banking game is a misdemeanor, the punishment for which as fixed in section 2 is a fine of not less than one thousand nor more than five thousand dollars, and that section 4 of the act further provides that the paraphernalia used in the house where the banking game is conducted "shall on conviction be forfeited for the use of the parish in which the offense is committed." So it is argued that the penalty as fixed by the act for committing the "misdemeanor," as defined by the act, is both a fine and the forfeiture of goods, while article 341 of the Code of Criminal Procedure defines a "misdemeanor" to be an offense "the punishment of which is necessarily a fine or imprisonment in the parish jail or both."

Counsel's contention is that, inasmuch as a violation of the act of 1870 subjects the offender to both a fine and the forfeiture of goods, it is in conflict with article 341 of the Code, which mentions a penalty of fine only, and is therefore repealed because articles 582 and 583 of the Code provide that "all laws or parts of laws contrary to or in conflict with the provisions of this Code are hereby repealed."

We shall not discuss this point further than to say that Act No. 12 of 1870 is substantive law, which, as relates to crimes and offenses, is that which declares what are crimes and offenses and provides the punishment for committing them, whereas the Code of Criminal Procedure is purely procedural law "which provides or regulates the steps by which one who violates a criminal statute is punished." The Code, which relates only to criminal procedure, was not intended to, and did not, repeal any substantive law. State v. Rodosta, 173 La. 623, 138 So. 124, 127; State v. Bussa, 176 La. 87, 145 So. 276; State v. Daleo, 179 La. 516, 154 So. 437; and State v. Capaci, 179 La. 462, 154 So. 419, decided February 26, 1934.

■ Defendant reserved a bill of exception to the court's refusal to grant him a continuance. He was arraigned on October 17th, and the case was fixed for trial on November 8th, and reset for the 17th. On the 15th, two days before the trial, he had subpœnas issued for two witnesses who it is stated reside in New Orleans; the trial being had in the parish of Pointe Coupee. The names of the witnesses were handed to the clerk about 2 p. m. on the 15th. The witnesses could not be located in New Orleans, and did not appear on the day of the trial. It seems that defendant's chief counsel lives in New Orleans. Two attorneys who live in Pointe Coupee parish, where the case was tried, became associated with the chief counsel on the 14th, and were in New Orleans on that day, but left the city without knowing the names of the witnesses. After reaching their homes in Pointe Coupee between 8:30 and 9 o'clock p. m., they got the names by phone and handed them to the clerk about 2 o'clock the next afternoon. The plea was that they did not have sufficient time to locate the wit-

nesses. Possibly not, but the chief counsel did; the case having been set almost a month in advance of the day set for the trial. The trial judge thought there was lack of due diligence, and we think so too.

■ The granting, or refusal to grant, a continuance is within the sound discretion of the trial judge, and, unless it appears that there is an arbitrary or unreasonable abuse of this discretion, his ruling will not be disturbed. Article 320 et seq., Code Criminal Procedure; State v. Hudson, 162 La. 543, 110 So. 749; State v. Doty, 158 La. 842, 104 So. 736; State v. Dwyer, 159 La. 399, 105 So. 410.

■ The state, in laying the foundation for the introduction of a confession made by the accused, asked the witnesses these questions: (1) Were those statements made under the influence of fear, duress, intimidation, menace, inducements, or promises? (2) Was the statement that was made free and voluntary?

These questions were objected to on the ground that they were leading, suggestive, and called for the opinion of the witness. The objection was overruled. This ruling was wrong. These questions, while probably not leading or suggestive, did call for the opinion of the witness, which he had no right to give. The question whether an alleged confession was made freely and voluntarily is one to be decided by the court after hearing all testimony as to the conditions and circumstances under which it was made. It is for the court, and not for the witness, to say whether the confession was freely and voluntarily made. However, the court's error in permitting the witness to express his opinion was harmless, because the testimony brought up shows unmistakably that the confession was free and voluntary. The ruling of the court, therefore, was based upon the testimony and not upon the opinion of the witness.

■ Where it does not appear that the error complained of has probably resulted in a miscarriage of justice or is prejudicial to the substantial rights of the accused, such as are guaranteed him by the Constitution and statutes of the state, the verdict will not be set aside. Article 557, Code Criminal Procedure.

■ The accused took the stand as a witness in his own behalf. He was asked by the prosecuting attorney, on cross-examination, how many times he had been arrested, and if he had not been indicted in New Orleans. These questions were objected to on the ground "that the Code of Criminal Procedure prohibits the asking of the question whether or not a man has been arrested," or whether he has been convicted, and on the further ground of irrelevancy. The objection was overruled and a bill was reserved.

The ruling was correct. Article 495 of the Code says:

"Provided, always, that a witness, whether he be the defendant or not, may be compelled to answer on cross-examination whether or not he has ever been indicted or arrested and how many times."

The character of an accused person cannot be attacked by the state unless he puts his character in evidence and thereby opens the door. But, when he takes the stand for himself, he becomes a witness, and his credibility as such is open to attack, and, for the purpose

of impeaching his credibility, he may be compelled, on cross-examination, to reveal his record concerning indictments and arrests. Such was the rule in this state long before the adoption of the Code. State v. Hughes, 141 La. 578, 75 So. 416; State v. Werner, 144 La. 380, 80 So. 596, 6 A. L. R. 1601; State v. Bigner, 163 La. 473, 112 So. 303; State v. Childers, 165 La. 622, 115 So. 802.

When the prosecuting attorney attempted to introduce in evidence the alleged confession of the accused, the objection was made that he had made no opening statement explaining the nature of the charge and the evidence by which he expected to establish it. The objection was overruled, and a bill was reserved.

The ruling was correct. The trial was before the court alone and not before a jury. It is only in cases where the trial is before a jury that the district attorney is required to make an opening statement. Article 333 of the Code of Criminal Procedure.

The accused was ordered to pay a fine of $1,000, and in default to serve six months in the parish jail. The objection is raised that this was an "excessive and unconstitutional sentence." The answer to the objection is that the punishment imposed is the minimum authorized by the statute. See State v. Hebert, 158 La. 209, 103 So. 742, affirmed in 272 U. S. 312, 47 S. Ct. 103, 71 L. Ed. 270, 48 A. L. R. 1102.

The record discloses no error. The judgment appealed from is affirmed.

ST. PAUL, J., absent.