162 So. 60

**STATE v. POUNCEY.**

No. 33367.

May 27, 1935.

R. S. Williams and L. E. Colvin, both of Mansfield, for appellant.

Gaston L. Porterie, Atty. Gen., James O'Connor, Asst. Atty. Gen., A. B. Cavanaugh, Dist. Atty., of Leesville, and Lessley P. Gardiner, Sp. Asst. to Atty. Gen., for the State.

ROGERS, Justice.

The defendant was charged with manslaughter and found guilty as charged. This appeal is from the conviction and sentence imposed thereunder.

A bill of exception was taken to the ruling of the trial judge refusing a continuance which was applied for on the ground that defendant's counsel had not sufficient time to properly prepare his defense.

In explanation of his ruling, the trial judge states that, at the time of the arraignment, defendant informed the court he was unable to employ counsel, and the court provided him with counsel. Two days before the case was set for trial, defendant secured counsel, but the counsel appointed by the court continued to represent him. The counsel appointed by the court did not join the counsel employed by defendant in asking for a continuance, and did not state to the court that he was unprepared to try the case. The record shows that defendant was represented on the trial by the counsel appointed by the court as well as by the counsel whom he had employed.

The granting or refusing of any continuance is within the sound discretion of the trial judge, and this court will not review his ruling, unless an arbitrary or unreasonable abuse of such discretion is presented. Code Crim. Proc. art. 320; State v. Perry, 51 La. Ann. 1074, 1077, 25 So. 944; State v. Cloud, 130 La. 955, 58 So. 827, Ann. Cas. 1913D, 1192; State v. Jack, 139 La. 885, 75 So. 429; State v. White, 156 La. 770, 101 So. 136; State v. Dwyer, 159 La. 399, 105 So. 410; State v. Flores, 169 La. 22, 124 So. 132; State v. Schemp, 172 La. 72, 133 So. 367; State v. Taylor, 173 La. 1010, 139 So. 463; State v. Leahy, 175 La. 659, 144 So. 138; State v. Florane, 179 La. 453, 154 So. 417. No such abuse of discretion appears here.

The continuance was applied for on the ground that the defendant had a defense to offer which would exonerate him from the charge, and that the counsel employed by defendant had not been able to interview defendant's witnesses and ascertain the nature of their testimony. Also on the further ground that several legal questions were involved in the defense which the counsel had been unable to examine so as to properly present them on the trial.

But the character of the defense was not set forth in the motion, and it was not alleged that defendant's witnesses were not present in court. Nor were the important legal questions requiring examination disclosed. Defendant made no attempt to establish by testimony that he suffered

from the alleged lack of preparation on the part of the counsel he had employed; and we are not informed in what respect he could have offered a more ample defense if the continuance had been granted. Moreover, defendant was also represented on the trial by the counsel appointed by the court at the time of the arraignment. The counsel provided by the court did not join in the application for a continuance. It is not contended that he was unprepared to try the case, and it is not even pretended that he had not advised with the defendant and with the counsel employed by defendant two days prior to the trial.

The only other bill in the record was reserved to the overruling of a motion for a new trial. The motion was predicated on the averment that defendant had not had a proper trial, because his counsel had not had time to interview the witnesses to ascertain the facts and to properly present the case to the jury. Also on the averment of newly discovered evidence.

 Apparently no attempt was made in connection with the motion for a new trial to show that the defendant had sustained any injury by the refusal of the trial judge to continue the case. The motion also alleged that the verdict was contrary to the law and the evidence. But the trial judge, in his statement per curiam, declares that the verdict of the jury was correct and in accordance with the evidence and the law in the case.

Unless it be shown that some special and sufficient reason was assigned and made good in support of an application for a continuance and that the trial judge acted arbitrarily and was guilty of a denial of justice, his rulings, in two instances, the one affirming the other, at different stages, particularly when the last was made on a motion after verdict, will not be revised on appeal. We cannot for a moment suppose that, had it been shown when the motion for a new trial was heard that the continuance which was asked and refused on the day of trial should have been allowed, or that the finding of the jury was contrary to law and evidence, and for either cause that the defendant did not have a fair trial, the trial judge would not, even on his own motion, have set aside the verdict and granted the defendant a new trial. We must and do believe that in acting as he has done he has discharged his duties conscientiously and has done no injustice to the defendant. State v. Wilson, 33 La. Ann. 261; State v. Satcher, 124 La. 1015, 50 So. 835.

 The trial judge, in his statement per curiam, disposes of the averment of newly discovered evidence in these words: "The newly discovered evidence set forth in the motion for a new trial would be cumulative and in my opinion would not have changed the verdict or sentence in the case."

In his motion for a new trial the defendant alleged that "he expects to prove by a

daughter of Mattie Sanders who knows and will testify that Jessie Boone, who was in the room about the time Andrew Harris the deceased was shot, had a pistol on his person and appearer further intends to prove by —— that Dude Williams, who had been fighting with Jessie Boone, fired a shot from a pistol at the premises of the homicide, that these witnesses are residents of DeSoto Parish." And in a supplemental motion for a new trial the defendant alleged that: "He can prove by Geo. Holloway, who knows and will testify that one Walter Savigne was present at his home where Andrew Harris was shot on the night of December 15, 1934, and that George Savigne fired a shot about the time several shots were fired when Andrew Harris was killed, and that the said George Savigne is the owner of a thirty-eight pistol." The allegations are sworn to by the defendant, but no affidavits of the alleged witnesses are attached. No attempt was made, apparently, on its hearing to support the averments contained in the application for a new trial.

We find nothing in the record which would authorize us to review the finding of the trial judge on defendant's allegation of newly discovered evidence. The affidavit of the defendant as to the alleged newly discovered evidence is not of itself sufficient to warrant such review. The trial judge was vested with great discretion in the matter of granting or refusing a new trial on the ground of newly discovered evidence. His uncontradicted

statement that the alleged newly discovered evidence would not be new evidence, but purely cumulative evidence, must be accepted as true by this court. State v. Sloan, 120 La. 170, 45 So. 50; State v. Abrams, 151 La. 623, 92 So. 138.

For the reasons assigned, the conviction and sentence appealed from are affirmed.