PONDER, Justice.
 

 This is an appeal from a conviction of the crime of forgery and the sentence thereunder.
 

 The defendant, Alex Jacobs, was. charged in a bill of information with-forging a check for $20. The check was; given by the defendant to the Nicholls. Dry Goods Company at Natchitoches, Louisiana, in payment of approximately $15; worth of merchandise which the defendant had purchased from the Dry Goods-Company. The defendant received the-balance of approximately $5 in cash. Upon trial of the charge the jury returned the following verdict, viz.: “We the jury find the defendant guilty as charged in the am’t $20.” Seven bills of exceptions were taken to the rulings of the court during the course of the trial. The defendant was sentenced to a term of not less than three nor more than nine years in the penitentiary. From the conviction and sentence the defendant appeals. Counsel for the defendant has filed an assignment of errors in this Court.
 

 Bill of exception No. 1 was taken to the ruling of the court sustaining the objection of the district attorney to the following question propounded by the counsel for the defendant, viz.: “What was the value or cost to the Nicholls Dry Goods Company of the merchandise said to have been sold ?” The value of the merchandise received by the defendant is immaterial. Counsel for the defendant has cited no authorities in support of this bill. It suffices if the forged instrument does or may prejudice the rights of another and an intent to profit by the act is not a necessary element of the offense. State v. Laborde, 120 La. 136, 45 So. 38.
 

 
 *286
 
 Bill of exception No. IB. was taken to the ruling of the court sustaining an objection made by the district attorney to a question propounded by the counsel for the defendant seeking to establish the amount owed on a certain car. From the per curiam of the trial court it appears that the defendant executed a certain sale and chattel mortgage which was recorded. The district attorney objected on the ground that the act of sale and mortgage was the best evidence which objection was sustained by the trial court. The per curiam states that the defendant was not prevented from making proof of an alibi and testimony of the sale and that the defendant had negotiated to purchase an equity in the car was introduced. The amount the defendant might owe on the car is immaterial. Counsel for the defendant cites no authorities in support of his contention. We see no merit in this bill.
 

 Bill of exception No. 2 was taken to the ruling of the court permitting the district attorney to ask the defendant on cross examination how many times he had been arrested. Counsel has favored us with no authorities in support of this bill. There is no merit in the contention. Article 495, Louisiana Code of Criminal Procedure. State v. Florane, 179 La. 453, 154 So. 417.
 

 Bill of exception No. 3 was taken to the overruling of the defendant’s objection to the following question asked by the district attorney while the defendant was on cross examination, viz.: “Were you arrested in Shreveport a few days ago for worthless checks?” The defendant answered the question admitting that he had been arrested on such a charge. We are favored with no authorities in support of the bill. The evidence was admissible to show intent and guilty, knowledge since the offense is one of a system. Articles 445 and 446, Louisiana Code of Criminal Procedure; State v. Williams, 111 La. 179, 35 So. 505; State v. Morgan, 129 La. 154, 55 So. 747; State v. Jones, 145 La. 339, 82 So. 362; State v. Jackson, 163 La. 34, 111 So. 486; State v. Bigner, 163 La. 473, 112 So. 303; State v. Norphlis, 165 La. 893, 116 So. 374.
 

 Bill of exception No. 4 was taken to the overruling of counsel for defendant’s objection to the following question propounded by the district attorney, viz.: “Did you hear Don Lewing (Louen) say that he was with you at all times in Nat-, chitoches — is that true?” No authorities are given in support of this bill. We see • no merit in this contention because the defendant was under cross examination.
 

 Bill of exception No. 5 is taken to the overruling of the defendant’s objection to the following question propounded by the district attorney to a defense witness on cross examination after the witness had testified on direct examination that the defendant bore a good reputation, viz.: “Did you know that he was arrested in Shreveport for hot checks ?” The witness admitted having heard the defendant was arrested on such charge. The evidence sought to be elicited was pertinent to test the knowledge of the witness as to the reputation of the accused.
 

 
 *288
 
 ' Bill of exception No. 6 was taken to the overruling of the defendant’s objection to a special charge requested by the district attorney to the effect that in event the jury was convinced beyond a reasonable doubt that the accused was guilty of forging a check of less value than $20 the penalty would be imprisonment not exceeding two years with or without hard labor. In support of this bill counsel cites State v. Fruge, 106 La. 694, 31 So. 323. Counsel contends that the instructions were unnecessary and improper and that in the interest of justice a new trial should be granted, citing State v. Gunter, 30 La.Ann. 536. Even though the authorities cited by counsel bore out his contentions at the time they were rendered they would be inapplicable since Act 136 of 1934 became effective. The Act provides a penalty for the forgery of an instrument of an amount less than $20 and provides a different penalty for the forgery of an instrument of an amount more than $20. It is the province of the jury to determine the amount of the forged instrument because it is a question of fact. This Act completely covers the general law of this State relative to the crime of forgery. State v. McBrayer, 188 La. 567, 177 So. 669.
 

 Error No. 1 assigned by the defendant is to the effect that the defendant was arraigned without the benefit of counsel. The copy of the minutes in the record show the defendant went to trial without objection. After the defendant announced his readiness for trial the failure to formally arraign him cannot be questioned. Article 637, Louisiana Code of Criminal Procedure.
 

 The defendant’s assignment of error No. 2 is to the effect that the defendant was arraigned one day prior to the filing of the bill of information charging the defendant with the offense. We are favored with no authorities supporting the defendant’s contention. The failure to formally arraign the defendant cannot be questioned after he has announced his readiness for trial. Article 637, Louisiana Code of Criminal Procedure.
 

 The defendant assigns as error No. 3 that the verdict of the jury is not responsive. Counsel for the defendant does not point out in what rcsspect the verdict is erroneous. The verdict states that the jury finds the defendant guilty as charged in the amount of $20. After a careful examination of the verdict of the jury we are unable to find any error therein.
 

 For the reasons assigned the conviction and sentence are affirmed.