428 So.2d 954 (1983)
STATE of Louisiana
v.
Russell P. MARLER, Jr.
No. 82 KA 0740.
Court of Appeal of Louisiana, First Circuit.
February 22, 1983.
Writ Denied April 15, 1983.
*955 Ossie Brown, Dist. Atty. by Warren Hebert, Asst. Dist. Atty., Baton Rouge, for plaintiff-appellee.
William Grimley, Baton Rouge, for defendant-appellant.
Before EDWARDS, WATKINS and SHORTESS, JJ.
SHORTESS, Judge.
Russell P. Marler, Jr. (defendant) was charged by bill of information with two counts of forgery in violation of La.R.S. 14:72. He pled not guilty to both counts, waived trial by jury, was tried before a judge, and was found not guilty on count one and guilty on count two. Defendant was sentenced to one year at hard labor, with credit for time served. He now appeals the conviction and sentence on the second count of forgery, alleging three assignments of error.
The record reveals that defendant was arrested on March 30, 1981, for driving while intoxicated. He presented to the arresting police officer the driver's license of one Vernon Miller, whom he represented himself to be. After being booked pursuant to that charge, defendant signed a fingerprint card and an appearance bond as Vernon Miller. As a result of these falsifications, defendant was charged with two counts of forgery. Count one was based upon the fingerprint card (found not guilty), and count two was based upon the appearance bond (found guilty).
The record further reveals that defendant apparently had a driving while intoxicated conviction prior to March 30, 1981. The arresting officer on the second incident testified that, had he known the defendant's true identity, he would have charged him as a second DWI offender.

ASSIGNMENTS OF ERROR NOS. 1 and 2
Defendant contends that the trial court erred in finding him guilty of forgery, because the factual circumstances presented at trial were not sufficient to support the crime of forgery as defined. Specifically, defendant argues that the State failed to prove that he signed Miller's name to the appearance bond with the requisite "intent to defraud" and that an appearance bond is not a type of writing contemplated within the definition of forgery.
The proper standard of review for the sufficiency of evidence is whether or not any rational trier of fact, upon viewing the evidence in the light most favorable to the prosecution, could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Cobb, 419 So.2d 1237 (La.1982); State v. Jackson, 419 So.2d 837 (La.1982).
*956 Louisiana Revised Statute 14:72 provides, inter alia:
"Forgery is the false making or altering, with intent to defraud, of any signature to, or any part of, any writing purporting to have legal efficacy."
It is the essence of forgery that the writing purports to be the act of another person. State v. Melson, 161 La. 423,108 So. 794 (1926). It is unnecessary to prove that the offender intended to defraud any particular person. State v. Laborde, 120 La. 136, 45 So. 38 (1907). The criminal intent required for forgery is to defraud any person, and it suffices if the forged instrument has prejudiced or might prejudice the rights of another. An intent to profit by the act is not a necessary element of the offense. State v. Jacobs, 195 La. 281, 196 So. 347 (1940); State v. Laborde, supra. Moreover, specific intent is a state of mind and need not be proved as a fact but may be inferred from the circumstances and transactions of the case. State v. Williams, 383 So.2d 369 (La.1980), writ denied, 449 U.S. 1103, 101 S.Ct. 899, 66 L.Ed.2d 828 (1981).
In addition to an intent to defraud, forgery requires that the falsification be made upon a "writing purporting to have legal efficacy." La.R.S. 14:72. The official Reporter's Comment to that statute states, in pertinent part:
"WHAT IS A `WRITING PURPORTING TO HAVE LEGAL EFFICACY'?:
... All writings of serious enough nature to be considered subject matter of this crime `purport to have legal efficacy'.... It is not necessary that the forged writing be one that, if genuine, would be a basis for legal liability. Licenses, tickets of admission, letters of recommendation, receipts, etc., all purport to have legal efficacy, as well as the more familiar contracts, notes, or public records. If a writing could be used as proof in a lawsuit it would be susceptible to forgery. See State v. Boasso, 38 La.Ann. 202 (1886)...."
A surety on an appearance bond is subject to forfeiture of the bond in the event that the person whose appearance is secured fails to appear as ordered. In such a case, the trial court, after hearing, "shall forthwith enter a judgment decreeing the forfeiture of the bond and against such person and his sureties in solido for the full amount thereof." La.R.S. 15:85A(1). Hence, such a writing has legal efficacy and is susceptible to forgery.
Although no forfeiture did occur here, we find that the record supports the instant conviction. It reveals that defendant falsified another's signature on an appearance bond, resulting in possible prejudice to the rights of the surety on the bond as well as to the right of the State to charge defendant as a second DWI offender. These assignments are without merit.

ASSIGNMENT OF ERROR NO. 3
Defendant contends that his sentence of one year at hard labor is excessive. The maximum penalty for the crime of forgery is $5,000.00 plus ten years at hard labor. La.R.S. 14:72. In this case, defendant received one year at hard labor.
Defendant argues that the trial court should have imposed only a probated sentence at best, since he had over the past two years made efforts to improve his situation and to avoid criminal conduct. However, the trial court, in stating its reasons for sentence, enumerated the numerous past criminal activities of defendant, which included several felony convictions with imposition of probation for those offenses. The trial judge also noted such mitigating circumstances as the input of his family and fiancee.
A sentence is excessive and violates Article 1,§ 20, of the Louisiana Constitution if it is grossly out of proportion to the severity of the crime or nothing more than the purposeless and needless imposition of pain and suffering. State v. Donahue, 408 So.2d 1262 (La.1982); State v. Gulden, 399 So.2d 194 (La.1981); State v. Bonanno, 384 So.2d 355 (La.1980). Cruel and unusual punishments are those which are barbarous, extraordinary or grossly disproportionate *957 to the offense. State v. Donahue, supra. The imposition of a sentence within statutory limits is within the sound discretion of the trial court, subject only to the constitutional limitations on excessive sentences, and should not be disturbed absent manifest abuse. State v. Forshee, 395 So.2d 742 (La.1981). The trial judge did not abuse his discretion with this sentence, and this assignment of error is without merit.
Defendant's conviction and sentence are affirmed.
AFFIRMED.