449 So.2d 636 (1984)
STATE of Louisiana
v.
Joe Nelson REDMAN.
No. 83 KA 1213.
Court of Appeal of Louisiana, First Circuit.
April 3, 1984.
Rehearing Denied May 21, 1984.
*638 William C. Yates, Asst. Dist. Atty., Houma, for plaintiff-appellee.
Warren Daigle, Indigent Defender Atty., Houma, William J. Guste, Jr., Atty. Gen., New Orleans, for defendant-appellant.
Before PONDER, WATKINS and CARTER, JJ.
CARTER, Judge:
Defendant, Joe Nelson Redman, was indicted for the crimes of aggravated rape, in violation of LSA-R.S. 14:42, and aggravated crime against nature, in violation of LSA-R.S. 14:89.1. A twelve-person jury returned responsive verdicts of guilty of sexual battery (LSA-R.S. 14:43.1) and guilty of simple crime against nature (LSA-R.S. 14:89). The defendant was subsequently sentenced to serve ten (10) years at hard labor for the conviction of sexual battery and five (5) years at hard labor for the conviction of crime against nature; the sentences to be served consecutively. Defendant appeals his conviction alleging four assignments of error.

FACTS
On the evening of December 29, 1981, the victim had been working as a waitress at the Zodiac Lounge filling in for a friend for approximately five days. She had finished her shift at 6:00 p.m. and stayed on to have a few drinks with friends. Sometime later in the evening, when the victim's ride was unavailable, defendant offered to take the victim home. Defendant had been in the lounge every day for several days, had never been in any trouble in the bar, and had appeared neatly dressed, clean and friendly. She asked her friend and employer if she thought the defendant was "ok" and was told that he seemed to be all right. The victim shortly thereafter left the lounge with the defendant and with the victim's consent, the defendant drove to another lounge. Sometime after midnight, instead of taking the victim home, the defendant drove to an isolated location and after viciously beating the victim, forced her to perform oral sex upon him. The defendant then left that location, and telling the victim that he was taking her to the Pitt Grill, drove off to another location and again forced the victim to perform oral sex on him. He also then raped her and subsequently drove the victim to a point near her home and released her. The victim delayed approximately two hours and then reported the attack to appropriate authorities.
On appeal, defendant urges four assignments of error:
1. The trial court erred in denying defendant's motion for bond reduction;
2. The trial court erred in denying the defense motion for a preliminary hearing;
3. The trial court erred in admitting irrelevant testimony; and,
4. The trial court imposed an excessive sentence.
Since Assignments of Error Nos. 1 and 2 were not briefed on appeal, they are therefore considered abandoned. Uniform Rules of the Courts of Appeal, Rule 2-12.4.

ASSIGNMENT OF ERROR NO. 3
Defendant argues that the trial court committed reversible error in admitting irrelevant testimony into evidence.
During the trial, the state sought to introduce evidence relating to defendant's physical condition through the testimony of a police detective who had known defendant for several years. Defendant objected on the grounds of relevancy, since the testimony of the state witness related to defendant's condition in 1976, approximately five years prior to this incident. The state argued that the evidence was admissible, and defendant's objection to it was actually addressed to the weight to be given the testimony. The court overruled the objection, with the understanding that *639 the testimony related to defendant's physical condition in 1976.
Relevant evidence is that tending to show the commission of the offense and the intent, or tending to negative the commission of the offense and the intent. LSA-R.S. 15:441. The trial court has wide discretion in determining the relevancy of evidence, and its determination will not be overturned absent a clear abuse of that discretion. State v. Chaney, 423 So.2d 1092 (La.1982); State v. Albert, 430 So.2d 1279 (La.App. 1st Cir.1983), writ denied, 433 So.2d 711 (La.1983). We cannot say that the trial judge abused his wide discretion in the instant case.
Additionally, defendant has not demonstrated that he was prejudiced by the court's ruling in any way and if error was committed, it was harmless. LSA-C. Cr.P. art. 921, State v. Johnson, 343 So.2d 155 (La.1977). Even when error is committed, if this court finds beyond a reasonable doubt that the error was harmless in the light of the total circumstances, the defendant's conviction will not be overturned. State v. Humphrey, 412 So.2d 507 (La. 1982); State v. Swartz, 444 So.2d 660 (La. App. 1st Cir.1983).

ASSIGNMENT OF ERROR NO. 4
Here, defendant complains that the court erred in imposing an excessive sentence.
The trial court imposed the maximum sentences for each of the offenses for which the defendant was convicted and ordered that the sentences be consecutive. In imposing these sentences, the court noted that defendant, a man of advanced years (68 years of age when he was sentenced) had a history of sexual offenses spanning over half a century, including rape, sodomy, aggravated crimes against nature, and other sexual offenses. The court stated that it imposed the sentences based on the pre-sentence recommendation that he be incarcerated for as long as possible, and the court's own observations and conclusions. Defendant contends that the sentences are excessive and that the court did not adequately consider the mitigating factors that it was required to by the provisions of LSA-C.Cr.P. art. 894.1.
As we have said on numerous occasions, the trial court has wide discretion in the imposition of sentences, and a sentence will not be overturned absent an abuse of discretion. State v. Fleming, 428 So.2d 947 (La.App. 1st Cir.1983), writ denied, 434 So.2d 410 (La.1983). Further, the trial court need not enumerate all of the factors it considers in sentencing; rather, all that is necessary is an adequate basis of review showing that all relevant facts have been considered. State v. Easley, 432 So.2d 910 (La.App. 1st Cir.1983).
The mitigating factors that defendant argues the trial court failed to consider are that the victim accepted a ride home from work with defendant, and also, had several drinks with him. Additionally, defendant contends that the sentence imposes excessive hardship and cruel and unusual punishment since the defendant at the time of sentencing was 68 years old. We disagree.
It is apparent that the court considered defendant's age, but his history of sexual offenses stretching over nearly half a century substantially outweighed any consideration defendant would be entitled to because of advanced age. Further, the trial court did not find that the victim facilitated the conduct by accepting a ride with and having a few drinks with defendant, and we agree. The trial court sufficiently articulated its reasons for this sentence and adequately considered the sentencing criteria. No abuse of discretion is presented.
Although counsel for defendant does not argue the impropriety of the imposition of consecutive sentences, we will consider same because the issue of the total number of years imposed on the defendant is addressed. Generally, concurrent rather than consecutive sentences should be imposed. State v. Lewis, 430 So.2d 1286 (La. App. 1st Cir.1983), writ denied, 435 So.2d 433 (La.1983). However, in its discretion, the court may consider consecutive sentences *640 justified by such factors as the multiplicity of acts, lack of remorse, and risks to the public. State v. Lewis, supra. Considering the number of acts committed herein, the length of time of the assaults and the risks presented to the public by this defendant, consecutive sentences are clearly justified.
For the above and foregoing reasons, we find no merit to any of defendant's contentions and accordingly, defendant's conviction and sentences are affirmed.
AFFIRMED.