466 So.2d 493 (1985)
STATE of Louisiana
v.
Mary SHEPPARD.
No. 84 KA 0583.
Court of Appeal of Louisiana, First Circuit.
February 26, 1985.
Rehearing Denied April 12, 1985.
*495 Ossie Brown, Dist. Atty. by Louis Daniel, Asst. Dist. Atty., Baton Rouge, for plaintiff-appellee.
David Haymon, Baton Rouge, for defendant-appellant.
Before EDWARDS, SHORTESS and SAVOIE, JJ.
SHORTESS, Judge.
Mary Sheppard (defendant) was charged by bill of information on May 22, 1981, with possession of phenmetrazine (preludin), a violation of La.R.S. 40:967(C)[1]. She pled not guilty and waived jury trial. The trial court found defendant guilty as charged and sentenced her to confinement for two years at hard labor in the custody of the Department of Corrections, with credit for time served.
From her conviction and sentence, defendant appeals, assigning sixteen assignments of error. Assignment of error no. 9 has been abandoned by defendant; therefore we do not consider it. Uniform Rules, Courts of Appeal, Rule 2-12.4; State v. Trevathan, 432 So.2d 355 (La.App. 1st Cir. 1983), writ denied, 437 So.2d 1141 (La. 1983).

FACTS
On January 21, 1981, a warrant to search defendant's residence was obtained based on information supplied by a confidential informant that he had observed defendant and her husband sell preludin (phenmetrazine) at that address. Upon execution of the search warrant, a quantity of preludin was discovered along with various other drug paraphernalia. Twelve preludin tablets were found in plain view in the front room where Wilbert Sheppard was. Twenty-two preludin tablets were found in a basket in the kitchen where defendant was when the officers arrived. There were several other persons present including Dennis Sheppard, but the testimony is confusing as to whether they were adults or children. Some of these individuals fled when the officers drove up.
Mary Sheppard and Wilbert Sheppard were arrested and charged with possession of phenmetrazine. They were tried together and found guilty as charged. Mary Sheppard alone brings this appeal.

ASSIGNMENTS OF ERROR NOS. 1, 2, 3 AND 4
In these assignments of error, defendant alleges that the trial court erred in imposing sentence in the following respects:
(1) by relying on the fact that she had been arrested three times subsequent to the crime for which she was being sentenced;
(2) by taking into consideration an earlier conviction for which she received probation, *496 which crime, however, took place after the instant one;
(3) by imposing an excessive sentence; and
(4) by imposing a sentence which would work undue hardship on her under La.C. Cr.P. art. 894.1.
Defendant argues that the court should not take into consideration in sentencing any subsequent arrests when no determination of her guilt or innocence has been made.
The current offense occurred in January of 1981. Defendant was subsequently arrested for drug violations in March, May and September of 1983. At the time of her sentencing in the present case, one of the three pending prosecutions had been dismissed; two were scheduled for trial.
Subsequent criminal activity by the defendant can be considered by the trial judge. State v. Jenkins, 419 So.2d 463 (La.1982). This activity obviously indicated to the trial judge the defendant's proclivity for continuing drug-related conduct notwithstanding her contact with the legal system on the pending charges. Subsequent criminal activity which the court may consider in imposing sentence is not limited to subsequent convictions. See State v. Jenkins. Defendant also complains about the trial judge's consideration of her prior conviction for a subsequent offense. Under the rationale of State v. Jenkins, this conviction is also properly a consideration in sentencing.
Defendant also submits that her sentence was excessive and would impose an undue hardship on her in view of her advanced age (68 at the time of sentencing), and her poor health and the poor health of her husband.
The maximum penalty for the crime of possession of phenmetrazine is $5000.00 plus five years at hard labor. La.R.S. 40:967(C)(2). Defendant received two years at hard labor.
The imposition of a sentence within statutory limits is within the discretion of the trial court, subject only to the constitutional limitations on excessive sentences, and should not be disturbed absent manifest abuse. State v. Marler, 428 So.2d 954 (La.App. 1st Cir.1983), writ denied, 433 So.2d 151 (La.1983).
The trial judge considered several mitigating as well as aggravating factors under La.C.Cr.P. art. 894.1 in sentencing defendant. He took her age into consideration, indicating, however, that while she does have some physical problems, he did not see anything in the record to indicate that she did not have full control of her mental faculties. Neither was there anything in the record to indicate the extent of her physical impairment. It is therefore apparent that the trial court considered defendant's age and health, but her recent and extended criminal history outweighed any consideration she would be entitled to because of advanced age.[2] The trial judge mentioned defendant's subsequent criminal activity, stating that he felt a lesser sentence would deprecate the seriousness of her crime. The trial court sufficiently articulated its reasons for this sentence and adequately considered the sentencing criteria. These assignments or error are without merit.

ASSIGNMENTS OF ERROR NOS. 5 AND 13
In these assignments, defendant alleges that there was insufficient evidence introduced to prove that she was in constructive possession of the drugs that were found and the trial judge incorrectly applied the law of constructive possession to this case.
The standard of review for sufficiency of the evidence is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could conclude that the essential elements of the crime were proven beyond a reasonable *497 doubt. La.C.Cr.P. art. 821; State v. Korman, 439 So.2d 1099 (La.App. 1st Cir.1983).
Possession is an essential element of this crime. La.R.S. 40:967(C). Possession need only be constructive [State v. Little, 353 So.2d 255 (La.1977)] and constructive possession exists if the thing is subject to the dominion and control of the accused. State v. Cann, 319 So.2d 396 (La.1975).
Defendant asserts that she resided in a duplex and that she did not exercise exclusive possession, control, and dominion over both sides of the duplex. She alleges she occupied one side of the duplex, while her son, Dennis Sheppard, occupied the other side, and that the drugs were not seized on her side. Her testimony at trial directly contradicts this argument. She testified that the officers came through her front door rather than Dennis'.
Captain Michael Fourrier and Sergeant Paul Maranto both testified that Mary Sheppard was in the kitchen when they entered the house and her husband was in the front living room area. Maranto found a tinfoil packet containing 22 preludin tablets in a basket on the kitchen table. Defendant was the only person present in the kitchen. Fourrier testified that he found 12 preludin tablets in the front room where Wilbert Sheppard was, in plain view on the sofa. Defendant testified that she was in the bathroom when the police kicked in the door. A stainless steel spoon containing white residue was found in the bathroom.
Viewing this evidence in the light most favorable to the State, the trial judge was not in error when he found defendant in constructive possession of the drugs. Drugs were found in plain view in the duplex which she and her husband occupied. Drugs were found in the kitchen the room she was in at the time of entry according to the officer. Drug paraphernalia was found in the bathroom, the room defendant said she was in when the officers arrived. These assignments lack merit.

ASSIGNMENTS OF ERROR NOS. 6, 7 AND 8
In these assignments of error, defendant raises the issue of ineffectiveness of trial counsel, citing some fourteen "shortcomings" on her counsel's part.
A claim of ineffective counsel is more properly raised by an application for a writ of habeas corpus in the trial court where a full evidentiary hearing may be conducted. State v. Craddock, 435 So.2d 1110 (La.App. 1st Cir.1983). However, where the record discloses sufficient evidence to decide the issue of ineffective assistance of counsel when raised by assignment of error on appeal, it may be addressed in the interest of judicial economy. State v. Seiss, 428 So.2d 444 (La. 1983); State v. Bourgeois, 451 So.2d 172 (La.App. 1st Cir.1984), writ denied, 457 So.2d 18 (La.1984).
Recently, in Strickland v. Washington, ___ U.S. ___, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the U.S. Supreme Court set the standard for review of effectiveness of counsel. The court pointed out that all the Federal Courts of Appeals and all but a few state courts have now adopted the "reasonably effective assistance" standard in one formulation or another. Louisiana courts are among those which have adopted this standard. State v. Ratcliff, 416 So.2d 528 (La.1982).
In Strickland, the court found that a convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components:
First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot *498 be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.
104 S.Ct. at 2064.
The court went on to say:
Although we have discussed the performance component of an ineffectiveness claim prior to the prejudice component, there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one. In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed. Courts should strive to ensure that ineffectiveness claims not become so burdensome to defense counsel that the entire criminal justice system suffers as a result.
104 S.Ct. at 2069-2070.
Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. In the instant case, there is enough evidence in the record to determine that defendant's case was not prejudiced to the extent that the outcome would have been any different had counsel handled the case as defendant suggests he should have. Drugs were found in plain view, lying on the sofa in the living area of the home defendant shared with her husband. Drug paraphernalia was found in the bathroom where defendant testified she was when the police kicked in the door. Drugs were found in the kitchen, the room the officers testified defendant actually was in when they entered the house. The evidence was overwhelming as to defendant's guilt. Sufficient prejudice has not been shown, which defeats defendant's claim of ineffective counsel. These assignments of error are without merit.

ASSIGNMENT OF ERROR NO. 10
Defendant next complains of two technical defects in the bill of information. First, the address of the defendant on the bill was changed at some point. Secondly, the word "distributed" in the charge was crossed out and the word "possessed" written in on September 12, 1983.
Clerical errors and other changes in the bill of information which do not prejudice the defendant in his preparation for trial are not reversible error. State v. Johnson, 404 So.2d 239 (La.1981), cert. denied, 456 U.S. 925, 102 S.Ct. 1970, 72 L.Ed.2d 440 (1982). Defendant does not show where either defect caused her any prejudice. She obviously was not misled by the amendment reducing the charge from distribution to possession. The change in address was inconsequential. La.C.Cr.P. art. 487. This assignment lacks merit.

ASSIGNMENTS OF ERROR NOS. 11 AND 14
Defendant argues that the search warrant was improperly obtained and all evidence seized should be subject to the exclusionary rule. In particular, defendant contends that the application for the search warrant fails to establish the credibility and the identity of the informant.
Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), introduced a more flexible "totality of the circumstances" approach in reviewing search warrant affidavits[3]. Under the new approach:

*499 The task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of the reviewing court is simply to ensure that the magistrate had a "substantial basis for ... conclud[ing]" that probable cause existed.
Gates, 103 S.Ct. at 2332. (Citations omitted.)
The search warrant in the present case established that (1) the informant was reliable, having been responsible for at least five drug convictions in the past; (2) the informant went to defendant's residence and personally observed the occupants selling as preludin some pink pills marked BI62; (3) the informant observed Wilbert Sheppard in possession of an unknown amount of the pills which he was selling for $20.00 per tablet. The reliability of the informant was established by the warrant, as well as the credibility of his information. He personally observed the possession and sale of the pills by the Sheppards. These facts provided a substantial basis for the allegation that the drugs would be found at the Sheppards' residence on the date the search warrant was executed. Under the Gates test, this established probable cause for the search. This assignment lacks merit.

ASSIGNMENT OF ERROR NO. 12
Defendant argues that the chain of possession of the drugs was not clearly shown. She complains that there was some testimony to the effect that the contraband was removed from the custody of the evidence room officer for one day, on September 11, and returned on the same day. Harry Phillips, the evidence custodian, testified at trial that it had been removed on that date for trial and returned by the officer who took it, all in the same day. There was no evidence that the envelope was even opened prior to the defendant's trial. Phillips testified that the envelope was sealed by the State Police Crime Lab and opened some 15 minutes prior to trial of this matter by him. There is nothing to indicate that the evidence was tampered with, or even removed, other than for defendant's trial. This assignment lacks merit.

ASSIGNMENT OF ERROR NO. 15
In this assignment, defendant objects to the admission of expert testimony without first requiring the witnesses to be qualified as experts. Defendant contends that there was no evidence introduced to show that any of the testifying officers were experts on the behavior of drug dealers or users.
The record reveals that the police officers basically testified only as to what occurred and what was found upon execution of the search warrant. By stipulation of both counsel, the drugs seized were identified as preludin. Fourrier did testify that the hypodermic syringe and burned bottle cap found were items commonly used by drug users to inject drugs. Fourrier had previously testified that he had ten years experience in narcotics and his testimony was not objected to at trial. La.C. Cr.P. 841. While Fourrier might not have technically qualified as an expert in drug paraphernalia and drug use, this was a judge trial and prejudice was minimal at best. See, State v. Bowman, 434 So.2d 1175 (La.App. 1st Cir.1983). This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 16
In defendant's final assignment of error, she maintains that her motion for new trial should have been granted, reiterating several of the grounds already discussed in the previous assignment of error.
Under La.C.Cr.P. art. 851, unless an unjustice has been done the defendant, a motion for new trial shall be denied, no matter what grounds are alleged. The decision of the trial judge is given great *500 weight. State v. Davis, 431 So.2d 117 (La. App. 3rd Cir.1983). Defendant's assignments of error were not meritous, so no injustice has been done to defendant. Accordingly, her motion for a new trial was properly denied.

CONCLUSION
For the reasons set forth, defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] The bill originally used both the language "committed the offense of possession of phenmetrazine" under La.R.S. 40:967(C) and later in the same bill, "distributed [phenmetrazine]." The latter phrase was amended on September 12, 1983, to read "possessed [phenmetrazine]." Defendant was not re-arraigned after the amendment, having been originally arraigned only for possession of phenmetrazine. Defendant was not prejudiced by the failure to re-arraign.
[2] See State v. Redman, 449 So.2d 636 (La.App. 1st Cir.1984), writ denied, 456 So.2d 170 (La. 1984), in which a 68-year-old multiple sex offender was sentenced to consecutive terms at hard labor.
[3] Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), had required search warrant affidavits to establish both the veracity of the informant and the basis of his knowledge to support a finding of probable cause.